**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
Case Nos. 1:20-cv-21107-RNS and 1:20-cv-21685-JEM
(Judge Scola and Magistrate Judge Torres)

| | |
|---|---|
| ERIC DOUGLAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NORWEGIAN CRUISE LINES, FRANK J. DEL RIO, and MARK A. KEMPA,<br><br>Defendants. | Case No. 1:20-cv-21107-RNS |
| ANGEL BANUELOS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NORWEGIAN CRUISE LINES, FRANK J. DEL RIO, and MARK A. KEMPA,<br><br>Defendants. | Case No. 1:20-cv-21685-JEM |

<u>**MEMORANDUM OF LAW IN SUPPORT OF HERMAN TUMURCUOGLU'S MOTION FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**</u>

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT.......................................................................................................................... 4

    I.      CONSOLIDATION OF THE RELATED ACTIONS IS APPROPRIATE ..................... 4

    II.     APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE......................... 5

        A.      The Procedure Required by the PSLRA .................................................................... 5

        B.      Movant Satisfies the Lead Plaintiff Provisions of the PSLRA .................................. 6

            1.     Movant Timely Filed His Application to Be Appointed Lead Plaintiff.................... 6

            2.     Movant Has the Largest Financial Interest in the Relief Sought by the Class .......... 6

            3.     Movant Satisfies the Requirements of Rule 23(a) .................................................... 7

                a.     Movant's Claims Are Typical of the Claims of the Class.................................... 8

                b.     Movant Will Fairly and Adequately Protect the Interests of the Class................ 9

    III.    APPOINTING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE................. 10

CONCLUSION..................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Biver v. Nicholas Fin., Inc.*,
2014 WL 1763211 (M.D. Fla. Apr. 30, 2014) .......................................................................... 10

*Dillard v. Platform Specialty Products Corporation*,
2016 WL 10586300 (S.D. Fla. June 30, 2016) ...................................................................... 8, 10

*Jahm v. Bankrate, Inc.*,
2015 WL 13650037 (S.D. Fla. Jan. 16, 2015) ............................................................................ 9

*Miller v. Dyadic Intern., Inc., et al.*,
2008 WL 2465286 (S.D. Fla. April 18, 2008) ............................................................................ 8

*Mitchell v. Complete Mgmt., Inc.*,
No. 99-CV-1454 (DAB), 1999 WL 728678 (S.D.N.Y. Sept. 17, 1999) ..................................... 4

*Mulvaney v. Geo Group, Inc.*,
2016 WL 10519276 (S.D. Fla. Nov. 21, 2016) ...................................................................... 1, 8

*Newman v. Eagle Bldg. Techs..*
209 F.R.D. 499 (S.D. Fla. 2002) ........................................................................................... 4, 5

*In re Olsten Corp. Sec. Lit.*,
3 F. Supp.2d 286 (E.D.N.Y. 1998) ............................................................................................ 4

*Prado-Steinman ex rel. Prado v. Bush*,
221 F.3d 1266 (11th Cir. 2000) ................................................................................................. 8

*Sheet Metal Workers Local 28 Pension Fund v. Office Depot, Inc.*,
Nos. 07-81038-CIV, 07-14348, 2008 WL 1943955 (S.D. Fla. May 2, 2008) ............................ 7

*In re Sunbeam Sec. Litig.*,
1998 WL 1990884 (S.D. Fla. Dec. 4, 1998) .............................................................................. 4

**Statutes**

15 U.S.C. §78u- 4(a)(3)(B)(iii)(II)(aa) .................................................................................... 10

15 U.S.C. §78u-(a)(3)(A)(i)(II) .................................................................................................. 5

15 U.S.C. §78u-(a)(3)(B)(i) ....................................................................................................... 5

15 U.S.C. §78u-4(a) ................................................................................................................... 5

15 U.S.C. §78u-4(a)(3)(A) ......................................................................................................... 5

15 U.S.C. §78u-4(a)(3)(B) ................................................................................................ passim

15 U.S.C. §78u-4(a)(3)(B)(iii)(II).............................................................................................. 5

15 U.S.C. §78u-4(e) ................................................................................................................. 7

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................... passim

Fed. R. Civ. P. 42(a) ................................................................................................................ 4

**PRELIMINARY STATEMENT**

Herman Tumurcuoglu ("Movant") respectfully submits this memorandum of law in support of his motion for: (a) consolidation of the above-captioned actions (the "Related Actions");[1] (b) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. §78u-4(a)(3)(B); and (c) approval of his selection of Levi & Korsinsky LLP ("Levi & Korsinsky as Lead Counsel and Cullin O'Brien Law, P.A. ("Cullin O'Brien") as Liaison Counsel; and (d) for such other relief as the Court deems proper.

The Related Actions presently pending before this Court are brought on behalf of all persons who purchased or otherwise acquired the common stock of Norwegian Cruise Line Holdings Ltd. ("Norwegian" or the "Company") between February 20, 2020 through March 12, 2020, inclusive (the "Class Period"). The plaintiffs in the Related Actions allege violations of the Securities Exchange Act of 1934 ("Exchange Act") against the Company, Frank J. Del Rio ("Del Rio"), and Mark A. Kempa ("Kempa") (collectively, the "Defendants").

The PSLRA provides that the Court appoint as lead plaintiff the movant with the largest financial interest in the litigation that has also made a prima facie showing that it is a typical with the other class members and an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). See *Mulvaney v. Geo Group, Inc.,* 2016 WL 10519276, *1 (S.D. Fla. Nov. 21, 2016)

---

[1] The Related Actions pending before the Court are: (1) the first-filed, *Douglas v. Norwegian Cruise Lines, et al.,* Case No. 1:20-cv-21107-RNS, filed on March 12, 2020 (the "*Douglas* Action"); and (2) *Banuelos v. Norwegian Cruise Lines, et al.*, Case No. 1:20-cv-21685-JEM, filed on April 22, 2020 (the "*Banuelos* Action"). The *Douglas* and *Banuelos* Actions are substantially similar in nature as both allege claims under the Exchange Act, are brought against Norwegian and certain of its senior executives and are brought on behalf of a class of investors during the Class Period (the "Class").

1

. Movant satisfies both requirements. Movant, with losses of approximately $13,393.81,[2] believes that he has the largest financial interest in the outcome of the Related Actions and also satisfies the requirements of Rule 23 in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class. Thus, Movant is the presumptive lead plaintiff under the PSLRA and should be appointed lead plaintiff.

## STATEMENT OF FACTS

Norwegian is a global cruise company which operates the Norwegian Cruise Line, Oceania Cruise Line, Oceania Cruises, and Regent Seven Seas Cruises brands. ¶7.[3]

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. ¶ 21. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company was employing sales tactics of providing customers with unproven and/or blatantly false statements about COVID-19 to entice customers to purchase cruises, thus endangering the lives of both their customers and crew members; and (2) as a result, Defendants' statements regarding the Company's business and operations were materially false and misleading and/or lacked a reasonable basis at all relevant times. *Id.*

In December of 2019, a novel coronavirus strain, now called COVID-19, was detected in the city of Wuhan in Hubei province, China. ¶ 16. Since then, the virus has spread to numerous countries and has had a significant impact on the cruise industry. ¶¶ 16-17.

On February 20, 2020, the Company filed a Form 8-K with the SEC. Attached to the Form

---

[2] Movant's certification identifying his transactions in Norwegian, as required by the PSLRA, as well as a chart detailing his losses, are attached to the Declaration of Cullin O'Brien, dated May 11, 2020 (the "O'Brien Declaration"), as Exhibits A and B, respectively.

[3] Citations to "¶" are to paragraphs of the Complaint for Violation of the Federal Securities Laws (the "Complaint") filed in the first-filed *Douglas* Action. The facts set forth in the Complaint are incorporated herein by reference.

8-K was a press release reporting on the Company's financial results for the quarter and full year ended December 31, 2019. In that press release, Defendants stated, "*Despite the current known impact from the COVID-19 coronavirus outbreak, as of the week ending February 14, 2020, the Company's booked position remained ahead of prior year and at higher prices on a comparable basis… The Company has proactively implemented several preventative measures to reduce potential exposure and transmission of COVID-19 and to protect the health, safety, security and well-being of its guests and crew*." ¶¶ 18-19.

On March 11, 2020, Miami New Times reported in the article "Leaked Emails: Norwegian Pressures Sales Team to Mislead Potential Customers About Coronavirus" that leaked emails from a Norwegian employee showed that the Company directed its sales staff to lie to customers regarding COVID-19 as well as the financial impact the COVID-19 outbreak was causing on the Company and its employees. ¶¶ 22, 23.

On this news, the Company's shares fell $5.47 per share or approximately 26.7% to close at $15.03 per share on March 11, 2020, damaging investors. ¶24.

On March 12, 2020, the Washington Post published the article, "Norwegian Cruise Line managers urged salespeople to spread falsehoods about coronavirus," revealing even more about Norwegian's sales tactics from leaked internal memoranda. ¶ 25. The Washington Post article also disclosed Company executive's reaction to the leaked memorandum, including: "The whistleblower told The Post that company leaders are trying to find out who shared the emails. In one email sent Monday evening, after a Miami New Times journalist contacted the company, an executive wrote, 'One of our own ratted.'" ¶ 26.

On this news, the Company's shares fell a further $5.38 or approximately 35.8% to close at $9.65 on March 12, 2020. ¶ 27.

## ARGUMENT

### I.   CONSOLIDATION OF THE RELATED ACTIONS IS APPROPRIATE

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under Federal Rule of Civil Procedure 42(a), consolidation is appropriate when the actions involve common questions of law or fact. See Fed. R. Civ. P. 42(a). "Consolidation of shareholder class actions is recognized as benefitting the court and the parties by expediting pretrial proceedings, reducing case duplication, and minimizing the expenditure of time and money by all persons concerned." *Newman v. Eagle Bldg. Techs.*. 209 F.R.D. 499, 501-02 (S.D. Fla. 2002) (citing *In re Olsten Corp. Sec. Lit*., 3 F. Supp.2d 286, 294 (E.D.N.Y. 1998)). Consolidation is particularly appropriate in securities class action litigation such as the Related Actions. *Id*. at 502. See also *Mitchell v. Complete Mgmt., Inc*., No. 99-CV-1454 (DAB), 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact ") (citation omitted); *In re Sunbeam Sec. Litig*., 1998 WL 1990884, *2 (S.D. Fla. Dec. 4, 1998). Courts thus routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Related Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct asserted against the same defendants. Because the Related Actions arise from the same facts and circumstances and involve

4

the same subject matter, consolidation under Rule 42(a) is appropriate. See *Eagle Bldg. Techs.*, 209 F.R.D. at 501-02.

**II.     APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE**

### A.  The Procedure Required by the PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a). The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion seeking appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§78u-(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique

defenses that defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Related Actions.

### B. Movant Satisfies the Lead Plaintiff Provisions of the PSLRA

As described in further detail below, Movant should be appointed lead plaintiff because he satisfies all of the requirements set forth by the PSLRA. Movant filed a timely motion to be appointed lead plaintiff, to his knowledge holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23

### 1. Movant Timely Filed His Application to Be Appointed Lead Plaintiff

On March 12, 2020, counsel in the *Douglas* Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Norwegian and certain of its officers, advising putative class members that they had until May 11, 2020 to file a motion seeking appointment as a lead plaintiff in the Related Actions.[4] Movant has reviewed the complaint filed in the *Douglas* Action and has timely filed this motion pursuant to the Notice.

### 2. Movant Has the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant with the largest financial loss in the relief sought by the action. Damages are calculated under the PSLRA based on: (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated; or (ii) the difference between the

---

[4] The *Douglas* Action was filed in this Court on March 12, 2020. On that same day, the Notice was published over *Business Wire*, a widely-circulated national wire service. See O'Brien Decl. Ex. C.

purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. §78u-4(e).

During the Class Period, Movant purchased and retained 2,300 shares of Norwegian common stock through the end of the Class Period at a cost of $45,290 in reliance upon the materially false and misleading statements issued by Defendants and, as a result, suffered a substantial loss of approximately $13,393.81. See O'Brien Decl. Ex. B. To the best of his knowledge, there is no other applicant who has sought, or is seeking, appointment as lead plaintiff that has a larger financial interest in this litigation. Accordingly, Movant is the presumptive lead plaintiff under the PSLRA.

### 3.   Movant Satisfies the Requirements of Rule 23(a)

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and the representative party will fairly and adequately protect the interests of the class. Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed. See *Sheet Metal Workers Local 28 Pension Fund v. Office Depot, Inc.*, Nos. 07-81038-CIV, 07-14348, 2008 WL 1943955, at *2

(S.D. Fla. May 2, 2008); *Dillard v. Platform Specialty Products Corporation*, 2016 WL 10586300, *3 (S.D. Fla. June 30, 2016); *Miller v. Dyadic Intern., Inc., et al.*, 2008 WL 2465286, *6 (S.D. Fla. April 18, 2008) (considering only typicality and adequacy on a motion for designation as lead plaintiff); see generally Fed. R. Civ. P. 23(a)(3)-(4). At the lead plaintiff stage, a movant need only make a preliminary showing that he/she/it satisfies the typicality and adequacy requirements of Rule. 23. *Id*.

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

### a. Movant's Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. A plaintiff satisfies the typicality requirement if the plaintiff has: (a) suffered the same injuries as the absent class members; (b) the injuries are as a result of the same course of conduct by defendants; and (c) the plaintiff's claims are based on the same legal issues that prove the defendant's liability. See *Dyadic*, 2009 WL 2465286 at *6;. *Geo Group, Inc*., 2016 WL 10519276, at *2 (citing *Dyadic*, 2008 WL 2465286, at *6). Rule 23 does not require that the named plaintiffs be identically situated with all class members. It is enough if their situations share a common issue of law or fact. See *Prado-Steinman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 & n.14 (11th Cir. 2000) (finding typicality satisfied as long as the named plaintiffs share the "same essential characteristics of the claims" as the class).

Movant meets the typicality requirement of Rule 23. Movant, like the other members of the Class, acquired Norwegian common stock during the Class Period at prices artificially inflated by the Defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class. Accordingly,

Movant satisfies the typicality requirement of Rule 23(a)(3). See *Jahm v. Bankrate, Inc.*, 2015 WL 13650037, *2 (S.D. Fla. Jan. 16, 2015).

### b.  Movant Will Fairly and Adequately Protect the Interests of the Class

Movant is an adequate representative for the Class. Under Rule 23(a)(4), representative parties must also "fairly and adequately protect the interests of the class." Adequate representation will be found if the representative has: (a) retained able and experienced counsel; and (b) the representative has no fundamental conflicts of interest with the interests of the class as a whole. Fed. R. Civ. P. 23(a)(4). The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B).

Movant's interests are aligned with those of the other members of the Class.  Not only is there no evidence of antagonism between Movant and the other Class members, but Movant has a significant, compelling interest in prosecuting the Related Actions to a successful conclusion based upon the very large financial losses he has suffered as a result of the wrongful conduct alleged in these Related Actions.  This motivation, combined with Movant's  identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has selected a law firm to represent him and the Class that are highly experienced in prosecuting securities class actions.

In sum, because of Movant's common interests with the Class members, his clear motivation and ability to vigorously pursue the Related Actions, and his competent counsel, the typicality and adequacy requirements of Rule 23(a)(3) and (4) are met.  Because Movant meets those typicality and adequacy requirements and has sustained the largest amount of losses from

9

Defendants' alleged wrongdoing, Movant is the presumptive Lead Plaintiff in accordance with 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and should be appointed as such to lead the Related Actions.

### III.    APPOINTING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class and Cullin O'Brien Law as proposed Liaison Counsel. Each firm has extensive experience in successfully prosecuting complex securities class actions such as this one and are well-qualified to represent the Class. See O'Brien Decl. Exhibits D and E (firm résumés of proposed counsel). Thus, the Court should approve Movant's choice of counsel. See, e.g., *Dillard*, 2016 WL 10586300, at *4 (approving and appointing movant's choice of co-lead counsel); *Biver v. Nicholas Fin., Inc.*, 2014 WL 1763211, at *7 (M.D. Fla. Apr. 30, 2014) (same).

### <u>CONCLUSION</u>

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff for the Class in the Related Actions; (3) approve Levi & Korsinsky as Lead Counsel and Cullin O'Brien as Liaison Counsel for the Class; and (4) grant such other relief as the Court may deem proper.

Dated:  May 11, 2020                    Respectfully submitted,

                                        */s/ Cullin O'Brien*      _
                                        Cullin O'Brien
                                        Florida Bar No. 0597341
                                        CULLIN O'BRIEN LAW, P.A.

10

6541 NE 21st Way
Fort Lauderdale, Florida 33308
Tel: (561) 676-6370
Fax: (561) 320-0285
E-mail: cullin@cullinobrienlaw.com

*Proposed Liaison Counsel for Movant and the Class*

Shannon L. Hopkins (*pro hac vice* forthcoming)
LEVI & KORSINSKY, LLP
1111 Summer Street, Suite 403
Stamford, CT 06901
Tel: 203-992-4523
Fax: 212-363-7171
Email: shopkins@zlk.com

*Proposed Counsel for Movant and the Class*

11

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on May 11, 2020, I electronically filed the foregoing document

with the Clerk of the Court CM/ECF.


*/s/ Cullin O'Brien*
Cullin O'Brien

12