**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ERIC DOUGLAS, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:20-cv-21107-RNS |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RICHARD MYINT FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL** |
| v. | |
| NORWEGIAN CRUISE LINES, FRANK J. DEL RIO, and MARK A. KEMPA, | |
| Defendants | |
| ANGEL BANUELOS, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:20-cv-21685-JEM |
| Plaintiff, | |
| v. | |
| NORWEGIAN CRUISE LINES, FRANK J. DEL RIO, and MARK A. KEMPA, | |
| Defendants | |

Richard Myint ("Myint" or "Movant") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired Norwegian Cruise Line Holdings Ltd. ("Norwegian" or the "Company") securities between February 20, 2020 and March 12, 2020, inclusive (the "Class Period").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movant respectfully submits that he is presumptively the most adequate plaintiff and should be

1

appointed as lead plaintiff for the class, and his selection of Glancy Prongay & Murray LLP ("GPM") as lead counsel and Desmond Law Firm, P.C. as liaison counsel should be approved. GPM has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## STATEMENT OF FACTS

Norwegian is a global cruise company which operates the Norwegian Cruise Line, Oceania Cruise Line, Oceania Cruises, and Regent Seven Seas Cruises brands.

On March 11, 2020, *Miami New Times* published an article entitled "Leaked Emails: Norwegian Pressures Sales Team to Mislead Potential Customers About Coronavirus." The article included internal emails showing that the Company directed its sales staff to pressure customers to book cruises and to lie to customers that coronavirus is not a concern in warm Caribbean climates.

On this news, the Company's share price fell $5.47, or nearly 27%, to close at $15.03 per share on March 11, 2020, on unusually heavy trading volume.

On March 12, 2020, the *Washington Post* published an article entitled "Norwegian Cruise Line managers urged salespeople to spread falsehoods about coronavirus," revealing more about the Company's sales tactics from internal memoranda.

On this news, the Company's share price fell $5.38, or nearly 36%, to close at $9.65 per share on March 12, 2020, on unusually heavy trading volume.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company was employing sales tactics of providing customers with unproven and/or blatantly false

statements about COVID-19 to entice customers to purchase cruises, thus endangering the lives of both their customers and crew members; and (2) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## PROCEDURAL BACKGROUND

On March 12, 2020, plaintiff Eric Douglas commenced a class action lawsuit in this District against Norwegian and certain of its officers, captioned *Douglas v. Norwegian Cruise Lines, et al.*, Case No. 1:20-cv-21107 (the "*Douglas* Action").

On March 31, 2020, plaintiff Abraham Atachbarian commenced a second lawsuit against Norwegian in this District against the same defendants and on behalf of the same class as the *Douglas* Action, captioned *Atachbarian v. Norwegian Cruise Lines, et al.*, Case No. 1:20-cv-21386. On April 10, 2020, Judge Robert N. Scola, Jr. consolidated these two actions. *See Douglas* Action, Dkt. No. 7.

On April 22, 2020, plaintiff Angel Banuelos commenced a third lawsuit against Norwegian in this District against the same defendants and on behalf of the same class as the *Douglas* Action, captioned *Banuelos v. Norwegian Cruise Lines, et al.*, Case No. 1:20-cv-21685 (the "*Banuelos* Action," and together with the *Douglas* Action, the "Related Actions").

## ARGUMENT

### I.     The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions

involve common questions of law and fact.

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal conclusions. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Kornfield v. Opteum Inc.*, No. 07-cv-14278, 2008 WL 11408525, at *2 (S.D. Fla. Sept. 29, 2008).

## II.    Movant Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

4

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff.

### A.      Movant Filed a Timely Motion

Movant has made a timely motion in response to a PSLRA early notice. On March 12, 2020, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Leo W. Desmond in Support of Motion ("Desmond Decl."), Ex. A. Therefore, Movant had sixty days (until May 11, 2020) to file a motion to be appointed as lead plaintiff. As a purchaser of Norwegian securities during the Class Period[1], Movant is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

---

[1] Myint purchased 2,398 shares of NCLH (ISIN: BMG667211046). *See* Desmond Decl., Ex. B. The venue of execution was the London Stock Exchange Multilateral Trading Facility.

Additionally, as set forth in Movant's PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. Desmond Decl., Ex. B. Accordingly Movant satisfies the first requirement to serve as lead plaintiff for the class

### B.     Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Movant purchased Norwegian securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Desmond Decl., Ex. C. To the best of his knowledge, Movant is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Movant believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### C.     Movant Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the

representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, at the lead plaintiff stage of the litigation, "the initial inquiry . . .  should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy." *Eastwood Enterprises, LLC v Farha*, 2008 WL 687351, at *1 (M.D. Fla. Mar. 11, 2008).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large". *Prado-Steinman ex rel. Prado v. Bush*, 22 F.3d 1266, 1279 (11th Cir. 2000); *Piven v. Sykes Enters.*, 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000) (same). The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  The class representative must also have "sufficient interest in the outcome of the litigation to ensure vigorous advocacy."  *Miller v. Dyadic Int'l, Inc.*, 07-80948-CIV-DIMITROULEAS, 2008 U.S. Dist. LEXIS 32271, at *19 (S.D. Fla. Apr. 18, 2008).

Here, Movant meets the typicality and adequacy requirements because, like all other members of the purported class, he purchased Norwegian securities during the Class Period in reliance upon the defendants' false and misleading statements and suffered damages thereby. Movant's claims are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the class's claims. Movant's financial interest demonstrates that he has sufficient incentive to ensure vigorous advocacy.

Consequently, Movant has demonstrated that he meets all of the PSLRA's requirements for a lead plaintiff, and his request for appointment as lead plaintiff should therefore be granted.

**III.    Lead Plaintiff's Selection of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not interfere with lead plaintiff's selection unless necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Mulvaney v. GEO Group, Inc.*, 16-cv-81494, 2016 WL 10519276, at *3 (S.D. Fla. Nov. 18, 2016). Here, Movant has selected GPM as lead counsel for the class and Desmond Law Firm, P.C. as liaison counsel. The firms have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firms' resumes, *see* Desmond Decl., Exs. D & E, the Court may be assured that, by granting the Motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movant's selection of counsel.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Movant as Lead Plaintiff for the Class; and (3) approving Lead Plaintiff's selections of GPM as Lead Counsel and Desmond as Liaison Counsel for the Class.

Dated: May 11, 2020

Respectfully submitted,

*/s/ Leo W. Desmond*
Leo W. Desmond, Esquire
Florida Bar Number 0041920
**DESMOND LAW FIRM, P.C.**
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile: 772.231.0300
lwd@desmondlawfirm.com

*Counsel for Movant and*
*Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201-9160
Email: info@glancylaw.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

9

## **CERTIFICATE OF SERVICE**

I, Leo W. Desmond, hereby certify that on May 11, 2020, a true and accurate copy of the

above document was electronically filed with the Clerk of the Court by using the CM/ECF system

which will send Notice of Electronic Filing (NEF) to all counsel of record.

*s/ Leo W. Desmond*
Leo W. Desmond

10