UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21107-Civ-SCOLA
(Consolidated with No. 20-21386)

| | | |
|---|---|---|
| ERIC DOUGLAS, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| NORWEGIAN CRUISE LINES, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**MOTION AND INCORPORATED MEMORANDUM OF LAW OF
EMPLOYER-TEAMSTERS LOCAL NOS. 175 & 505 PENSION TRUST FUND FOR
CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ..............................................................................................1

II. FACTUAL BACKGROUND...................................................................................................2

III. ARGUMENT.............................................................................................................................4

    A. The Related Actions Pending in this District Should be Consolidated ...................4

    B. The Pension Trust Fund Should Be Appointed Lead Plaintiff ................................4

        1. The Procedure Required by the PSLRA .......................................................4

        2. The Pension Trust Fund Satisfies the "Lead Plaintiff" Requirements of the PSLRA..................................................................................5

    C. The Court Should Approve the Pension Trust Fund's Choice of Counsel ..............8

IV. CONCLUSION........................................................................................................................10

**MOTION**[1]

Proposed Lead Plaintiff Employer-Teamsters Local Nos. 175 & 505 Pension Trust Fund (the "Pension Trust Fund") hereby moves this Court for an Order: (1) consolidating the Related Actions: (2) appointing the Pension Trust Fund as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; (3) approving the Pension Trust Fund's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel; and (4) granting such other and further relief as the Court may deem just and proper.[2]

**MEMORANDUM OF LAW**

**I.    PRELIMINARY STATEMENT**

Presently pending in this District are two securities class action lawsuits brought on behalf of all those who purchased Norwegian Cruise Line Holdings Ltd. ("Norwegian" or the "Company") securities between February 20, 2020 and March 12, 2020, inclusive (the "Class Period"). The Related Actions allege violations of Sections 10(b) and 20(a) of the Securities

---

[1] Counsel for the Pension Trust Fund is aware of the directive in Local Rule 7.1(a)(3) requiring that a moving party confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion. However, the lead plaintiff appointment process set up by the PSLRA, as described herein, makes this practice difficult, if not impossible. While all potential parties to the Action should be aware of the filing date, counsel for the Pension Trust Fund cannot determine who else may move for appointment as lead plaintiff at this time. Accordingly, counsel for the Pension Trust Fund requests leave from the meet-and-confer requirement of Local Rule 7.1(a)(3) with respect to the filing of this motion.

[2] The Related Actions are *Douglas v. Norwegian Cruise Lines*, Case No. 1:20-cv-21107-RNS (which was consolidated with *Atachbarian v. Norwegian Cruise Lines*, Case No. 1:20-cv-21386-RNS, by Order of this Court on April 10, 2020) [*Douglas*, ECF No. 7], and *Banuelos v. Norwegian Cruise Lines* No. 1:20-cv-21685-JEM, filed April 22, 2020. Concurrent with this motion, the Pension Trust Fund has filed a Notice of Filing in the *Banuelos* action, advising of the Pension Trust Fund's instant motion before this Court and requesting that, pursuant to IOP 2.06.00 of the Internal Operating Procedures of the United States District Court for the Southern District of Florida, the *Banuleos* action be transferred to this Court for consolidation.

Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), as amended by the PSLRA and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

The PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because each asserts identical claims against identical defendants on behalf of an identical class of investors that purchased Norwegian securities during the same Class Period. *See* Fed. R. Civ. P. 42(a); §III.B., *infra*.

As soon as practicable after consolidating the related actions, the PSLRA requires courts to "appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii). The most adequate plaintiff is the movant "that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(iii). Local the Pension Trust Fund should be appointed Lead Plaintiff because it filed a timely motion, has a significant financial interest in the outcome of the litigation, and will typically and adequately represent the class' interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Pension Trust Fund's selection of Robbins Geller to serve as Lead Counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.     FACTUAL BACKGROUND

Norwegian is a global cruise company that operates the Norwegian Cruise Line, Oceania Cruise Line, Oceania Cruises, and Regent Seven Seas Cruises brands. The Related Actions allege that throughout the Class Period, defendants made materially false and misleading statements

regarding the Company's business, operational, and compliance policies. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company was employing sales tactics of providing customers with unproven and/or blatantly false statements about COVID-19 to entice customers to purchase cruises, thus endangering the lives of both their customers and crew members; and (ii) as a result, defendants' statements regarding the Company's business and operations were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On March 11, 2020, the *Miami New Times* reported in the article "Leaked Emails: Norwegian Pressures Sales Team to Mislead Potential Customers About Coronavirus" that leaked emails from a Norwegian employee showed that the Company directed its sales staff to lie to customers regarding COVID-19. On this news, the Company's shares fell $5.47 per share or approximately 26.7% to close at $15.03 per share on March 11, 2020, damaging investors.

Then, on March 12, 2020, the *Washington Post* published the article, "Norwegian Cruise Line managers urged salespeople to spread falsehoods about coronavirus." The article revealed even more about Norwegian's sales tactics from leaked internal memoranda including dangerous statements such as:

> Focusing all of your attention is actually illogical, especially when we live in a world of daily threats and dangers anyhow," the manager wrote under the headline "The coronavirus will not affect you." "Fact: Coronavirus in humans is an overhyped pandemic scare.

On this news, the Company's shares fell a further $5.38 or approximately 35.8% to close at $9.65 on March 12, 2020, further damaging investors.

- 3 -

### III.     ARGUMENT

#### A.     The Related Actions Pending in this District Should be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Federal Rules of Civil Procedure 42(a), consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). Here, the Related Actions present identical factual and legal issues, allege identical claims in an identical class period, and name identical defendants. *Compare Douglas*, ECF No. 1 *with Banuelo*, ECF No. 1. Accordingly, the Related Actions should be consolidated.

#### B.     The Pension Trust Fund Should Be Appointed Lead Plaintiff

##### 1.     The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, notice regarding the pendency of the first-filed *Douglas* action was published on *Business Wire*, a national, business-oriented newswire service, on March 12, 2020. *See* Tirabassi Decl. Ex. C. Within 60 days after publication of the notice, any person who is a member of the proposed class may apply to the Court to be appointed

as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also Luczak v. Nat'l Bev. Corp.*, No. 0:18-cv-61631-KMM, 2018 U.S. Dist. LEXIS 229976, at *2 (S.D. Fla. Oct. 12, 2018). [3]

### 2. The Pension Trust Fund Satisfies the "Lead Plaintiff" Requirements of the PSLRA

#### a. The Pension Trust Fund Has Timely Filed a Lead Plaintiff Motion

According to the published notice, the time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on May 11, 2020. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B). Pursuant to the provisions of the PSLRA, and within the requisite time frame after

---

[3] Citations, internal quotations, and footnotes omitted and emphasis added unless noted otherwise.

publication of the required notice (published on March 12, 2020), the Pension Trust Fund timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class. Because the Pension Trust Fund's motion has been timely filed, it is eligible for appointment as lead plaintiff.

        **b.       The Pension Trust Fund Has the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, the Pension Trust Fund purchased 6,900 shares of Norwegian stock and suffered approximately $136,074 in losses as the market began to learn the truth about defendants' allegedly false misrepresentations and omissions and the price of Norwegian stock declined. *See* Tirabassi Decl., Exs. A, B. To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest during the Class Period. Therefore, the Pension Trust Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

        **c.       The Pension Trust Fund Otherwise Satisfies Rule 23**

At this stage, the lead plaintiff movant need only make a *prima facie* showing that the Rule 23(a) requirements of typicality and adequacy are met. *Luczak*, 2018 U.S. Dist. LEXIS 229976, at *4. "The typicality requirement is satisfied where the 'named representatives' claims share the same essential characteristics as the claims of the class at large.'" *Id*. at *4-5 (citing that "[a] sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory."). The adequacy requirement involves "a preliminary showing that '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Id*. at *5. Here, the Pension Trust Fund satisfies these requirements.

- 6 -

Indeed, the Pension Trust Fund's claims arise out of the same events and are based on the same legal theories as the claims of other class members. In addition, the Pension Trust Fund's interests are clearly aligned with the members of the class and there is no antagonism between his interests and the class members' interests. The Pension Trust Fund has amply demonstrated its adequacy by signing a sworn Certification affirming its willingness to serve as, and to assume the responsibilities of, class representative. *See* Tirabassi Decl., Ex. A. In addition, the Pension Trust Fund has selected counsel experienced in prosecuting securities class actions to represent him and the class. *See infra* §III.C.

Moreover, the Pension Trust Fund, an institutional investor, is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent classmembers." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001); *see also City Pension Fund v. Aracruz*, No. 08-23317-CIV-LENARD/GARBER, 2009 U.S. Dist. LEXIS 140999, at *13 (S.D. Fla. Aug. 7, 2009) ("Institutional investors . . . . are generally preferred to individual investors for the reason that they are typically better equipped to represent the interests of the class and supervise litigation."). Because the Pension Trust Fund filed a timely motion, has the largest financial interest in the relief sought by the class, and is typical and adequate of the putative class, the Court should adopt the presumption that it is the presumptive lead plaintiff.

### C. The Court Should Approve the Pension Trust Fund's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v). The Pension Trust Fund has selected Robbins Geller to serve as Lead Counsel.

With more than 200 attorneys in offices nationwide, Robbins Geller possesses substantial experience litigating complex securities litigation like this case. District courts throughout the nation, including this District, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.[4] *See, e.g.*, *Henningsen v. ADT Corp.*, Case No. 14-cv-80566-WPD (S.D. Fla. July 14, 2014) (appointing Robbins Geller as Lead Counsel); *McIlvaine v. Arthrocare Corp.*, No. 9:08-cv-80343-KLR (S.D. Fla. July 16, 2008) ("Upon review of the firm's credentials, this Court finds that [Robbins Geller] possess the requisite experience in litigating securities class actions to represent the interests of the potential class members."); *see also Climo v. Office Depot, Inc.*, Case No. 11-cv-80364-KLR, (S.D. Fla. July 5, 2011) (approving of selection of Robbins Geller); *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, No. 8:06-CV-1716-T-23EAJ, 2007 U.S. Dist. LEXIS 3592, at *4 (M.D. Fla. Jan. 18, 2007) (same); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").

---

[4] For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  And, while trials in shareholder class actions are rare, Robbins Geller has tried nine cases to verdict, including a February 2019 trial in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a plaintiffs' verdict, finding that defendants Puma Biotechnology, Inc. and its CEO, Alan H. Auerbach, committed securities fraud, and awarded shareholders tens of millions of dollars in damages.

Notably, in the first few months of 2020 alone, Robbins Geller has recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, (S.D.N.Y.); $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval); and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D.C. Ariz.) (pending final approval).  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Eleventh Circuit, as well as in the Fifth, Sixth, Seventh, Eighth, and Tenth Circuits.[5]

---

[5]  *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Jaffe v. Household Int'l, Inc*., No. 02-C-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec.*

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve the Pension Trust Fund's selection of Robbins Geller as Lead Counsel for the putative class.

## IV.  CONCLUSION

For all the foregoing reasons, the Pension Trust Fund respectfully requests that the Court: (i) consolidate the Related Actions; (ii) appoint the Pension Trust Fund as Lead Plaintiff; (iii) approve the Pension Trust Fund's selection of Robbins Geller as Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED:  May 11, 2020

ROBBINS GELLER RUDMAN & DOWD LLP
JACK REISE
Florida Bar No. 058149
SABRINA E. TIRABASSI
Florida Bar No. 0025521

*s/ Sabrina E. Tirabassi*
SABRINA E. TIRABASSI

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
stirabassi@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

---

*Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

[Proposed] Lead Plaintiff for [Proposed] Lead Plaintiff

CICCARELLO DEL GIUDICE & LAFON
MICHAEL J. DEL GIUDICE
1219 Virginia Street, East, Suite 100
Charleston, WV  25301
Telephone:  304/343-4440
304/343-4464 (fax)

Additional Counsel for [Proposed] Lead Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 11, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*s/ Sabrina E. Tirabassi*
SABRINA E. TIRABASSI
(Florida Bar No. 0025521)