# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ERIC DOUGLAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NORWEGIAN CRUISE LINES, FRANK J. DEL RIO, and MARK A. KEMPA,<br><br>Defendants. | Case No. 1:20-cv-21107-RNS<br><br>Judge Robert N. Scola, Jr.<br><br>CLASS ACTION<br><br>ORAL ARGUMENT REQUESTED |
| ANGEL BANUELOS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NORWEGIAN CRUISE LINES, FRANK J. DEL RIO, and MARK A. KEMPA,<br><br>Defendants. | Case No. 1:20-cv-21685-JEM<br><br>Judge Jose E. Martinez |

**MOTION OF WILLIAM C. PERRY AND BRIAN MARK EDDY FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF SELECTION OF LEAD COUNSEL, AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION ......................................................................................................... 1

I.  FACTUAL BACKGROUND ................................................................................ 3

II.  ARGUMENT ....................................................................................................... 4

    A.  The Actions Should be Consolidated .......................................................... 4

    B.  Perry and Eddy Should be Appointed Lead Plaintiff ................................... 5

        1.  The PSLRA Standard For Appointing Lead Plaintiff ........................ 5

    C.  Perry and Eddy are the "Most Adequate Plaintiff" ...................................... 7

        1.  Perry and Eddy's Motion Is Timely .................................................. 7

        2.  Perry and Eddy Have the Largest Financial Interest in the
            Relief Sought by the Class ................................................................ 7

        3.  Perry and Eddy Satisfy Rule 23's Typicality and Adequacy
            Requirements ................................................................................... 8

            (a)  Perry and Eddy's Claims Are Typical of Those of
                  the Class ............................................................................. 8

            (b)  Perry and Eddy Satisfy the Adequacy Requirement
                  of Rule 23 .......................................................................... 9

        4.  Perry and Eddy are Precisely the Type of Small, Cohesive
            Group Permitted Under the PSLRA .............................................. 10

    D.  Perry and Eddy's Selection of Counsel Merits Approval ........................... 12

III.  CONCLUSION ................................................................................................. 14

LOCAL RULE 7.1(b) REQUEST FOR HEARING ................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
258 F.R.D. 260 (S.D.N.Y. 2009) ...........................................................................................11

*Biver v. Nicholas Fin., Inc.*,
No. 8:14-CV-250-T-33TGW, 2014 WL 1763211 (M.D. Fla. Apr. 30, 2014) .............4, 5, 8, 9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)...................................................................................................12

*Chahal v. Credit Suisse Grp. AG*,
No. 18-CV-02268 (AT)(SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018).........................11

*Eastwood Enters. v. Farha*,
No. 8:07-cv-1940-T-24MSS, 2008 WL 687351 (M.D. Fla. Mar. 11, 2008)...........................10

*Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*,
No. 8:06-CV-1716-T-23EAJ, 2007 WL 170556 (M.D. Fla. Jan. 18, 2007)............................10

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 112 (S.D.N.Y. 2010) ...........................................................................................11

*Kux-Kardos v. VimpelCom, Ltd.*,
151 F. Supp. 3d 471 (S.D.N.Y. 2016)......................................................................................8

*Lowinger v. Global Cash Access Holdings, Inc.*,
No. 08 Cv. 3516 (SWK), 2008 WL 2566558 (S.D.N.Y. June 26, 2008) .................................5

*Luczak v. Nat'l Beverage Corp.*,
No. 0:18-cv-61631-KMM, 2018 WL 9847842 (S.D. Fla. Oct. 12, 2018)............................8, 9

*Maliarov v. Eros Int'l PLC*,
No. 15-CV-8956 (AJN), 2016 WL 1367246 (S.D.N.Y. Apr. 5, 2016) ..................................12

*Newman v. Eagle Bldg. Techs.*,
209 F.R.D. 499 (S.D. Fla. 2002)........................................................................................7, 8,

*Sherleigh Assoc. LLC v. Windmere–Durable Holdings, Inc.*,
184 F.R.D. 688 (S.D. Fla. 1999).........................................................................................7, 8

**Rules & Statutes**

Fed. R. Civ. P. 23.............................................................................................................. *passim*

Fed. R. Civ. P. 42(a) ...............................................................................................4, 5

15 U.S.C. § 78u-4 *et seq.* ................................................................... *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
    No. 04-cv-8141 (S.D.N.Y.)......................................................................................13

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
    No. 08-md-1963 (S.D.N.Y.) .....................................................................................13

*In re Fannie Mae 2008 Sec. Litig.*,
    No. 08-cv-7831 (S.D.N.Y.)......................................................................................13

*In re Fiat Chrysler Autos. N.V. Sec. Litig.*,
    No. 19-cv-06770 (E.D.N.Y.) ...................................................................................13

*In re Hexo Corp Sec. Litig.*,
    No. 19-cv-10965 (S.D.N.Y.)....................................................................................13

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
    No. 09-md-2027 (S.D.N.Y.) .....................................................................................13

*Stirling v. Ollie's Bargain Outlet Holdings Inc.*,
    No. 19-cv-08647 (S.D.N.Y.)....................................................................................13

**Other Authorities**

H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730.......................12

**INTRODUCTION**

Proposed Lead Plaintiff William C. Perry ("Perry") and Brian Mark Eddy ("Eddy"), by their undersigned counsel, hereby move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (i) consolidating the above-captioned actions (the "Actions");[1] appointing Perry and Eddy as Lead Plaintiff on behalf of a class consisting of all persons and entities who purchased or otherwise acquired the publicly traded securities of Norwegian Cruise Lines ("Norwegian" or the "Company") from February 20, 2020, through March 12, 2020, both dates inclusive (the "Class Period"), and were damaged thereby (the "Class"); (iii) approving Perry and Eddy's selection of Labaton Sucharow LLP ("Labaton Sucharow") and Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the Class and Kozyak Tropin & Throckmorton LLP ("Kozyak Tropin & Throckmorton") as Liaison Counsel to the Class; and (iv) granting such other and further relief as the Court may deem just and proper.[2]

Perry and Eddy respectfully submit that they should be appointed Lead Plaintiff in the Actions on behalf of the Class. The Actions, which are brought against Norwegian and certain of its executive officers (collectively, "Defendants"), seek to recover damages caused by Defendants' alleged violations of the federal securities laws under Sections 10(b) and 20(a) of

---

[1] Counsel for Perry and Eddy note that the related action captioned: *Atachbarian v. Norwegian Cruise Lines*, No. 20-cv-21386 (S.D. Fla.), has already been consolidated with the lowest-docketed action listed above (DE 7).

[2] The PSLRA provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action. Consequently, counsel for Perry and Eddy have no way of knowing who, if any, the competing lead plaintiff candidates are at this time. As a result, counsel for Perry and Eddy have been unable to conference with opposing counsel as prescribed in Local Rule 7.1(a)(3), and respectfully request that the conference requirement of Local Rule 7.1(a)(3) be waived in this narrow instance.

the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons discussed below, Perry and Eddy respectfully submit that they are the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. Perry and Eddy incurred collective losses of *$267,807.80* on their Class Period transactions in Norwegian securities as calculated on a last-in-first-out ("LIFO") basis.[3] Accordingly, Perry and Eddy have a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' violations of federal securities laws—an interest believed to be greater than that of any other qualified movant.

Perry and Eddy also meet the typicality and adequacy requirements of Rule 23 because their claims are typical of those of absent Class members, and because they will fairly and adequately represent the interests of the Class. Accordingly, Perry and Eddy are the presumptive Lead Plaintiff.

---

[3] A copy of the Certifications of Perry and Eddy ("Certifications") are attached as Exhibit A to the Declaration of Benjamin Widlanski (the "Widlanski Decl."). The Certifications set forth all of Perry and Eddy's transactions in Norwegian securities during the Class Period. In addition, a table reflecting the calculation of financial losses sustained by Perry and Eddy on their Class Period transactions in Norwegian securities ("Loss Analysis") is attached as Exhibit B to the Widlanski Decl.

Finally, pursuant to the PSLRA, Perry and Eddy respectfully request that the Court approve their selection of Labaton Sucharow and Bernstein Liebhard as Lead Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Labaton Sucharow is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for defrauded investors. Likewise, Bernstein Liebhard has extensive experience prosecuting complex securities class actions such as this one and is well qualified to represent the Class.

Accordingly, Perry and Eddy respectfully request that the Court appoint them as Lead Plaintiff for the Class and approve their selection of Lead Counsel.

## I. FACTUAL BACKGROUND

Norwegian is a Miami, Florida-based cruise company that operates various cruise lines around the world, including the Norwegian Cruise Line, Oceania Cruise Line, and Regent Seven Seas Cruises brands.

In December 2019, the novel coronavirus strain, COVID-19, was detected in the Chinese city of Wuhan. Since then, the virus has spread to various countries and has negatively impacted bookings on cruise ships.

The Actions allege that Norwegian made materially false and misleading statements about the impact that COVID-19 was having on its overall business as well as the Company's adherence to customer and employee safety. For example, Defendants touted that "despite the current known impact from the COVID-19 coronavirus outbreak . . . the Company's booked position remained ahead of prior year and at higher prices." Defendants also falsely stated in its 2019 annual report that the Company "place[s] the utmost importance on the safety of [its] guests and crew" and it was "proactively protecting the health of travelers." As a result of these

misrepresentations, Defendants caused Norwegian's stock to trade at artificially inflated prices during the Class Period.

The truth about COVID-19's negative impact on Norwegian's business and the Company's deficient safety measures was revealed on March 11, 2020. On that date, *The Miami New Times* reported that internal emails from a Norwegian employee showed that the Company had directed its sales staff to lie to customers in order to protect the company's bookings. Following the publication of this article, Norwegian's share price dropped $5.47 per share, or 26.7 percent, to close at $15.03 per share on March 11, 2020.

Then, on March 12, 2020, the *Washington Post* published the article, "Norwegian Cruise Line managers urged salespeople to spread falsehoods about coronavirus." The article revealed even more about Norwegian's deceptive sales tactics from leaked internal memoranda. On this news, the Company's shares fell a further $5.38 or approximately 35.8 percent to close at $9.65 on March 12, 2020, further damaging investors.

As a result of Defendants' allegedly wrongful acts and omissions, and the resulting decline in the market value of the Company's securities, Perry and Eddy, and other Class members, have suffered significant losses and damages.

## II. ARGUMENT

### A. The Actions Should be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Consolidation pursuant to Rule 42(a) is appropriate when actions "involve a common question of law or fact." *Biver v. Nicholas Fin., Inc.*, No. 8:14-CV-250-T-33TGW, 2014 WL

1763211, at \*2 (M.D. Fla. Apr. 30, 2014). "Under Rule 42(a), this Court has broad discretion to consolidate cases pending within its district." *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 501 (S.D. Fla. 2002) (citing *Hargett v. Valley Fed. Savings Bank*, 60 F.3d 754, 765 (11th Cir. 1995)). Further, "[c]onsolidation of shareholder class actions is recognized as benefitting the court and the parties by expediting pretrial proceedings, reducing case duplication, and minimizing the expenditure of time and money by all persons concerned." *Id.* at 501–02 (citation omitted); *see also Lowinger v. Global Cash Access Holdings, Inc.*, No. 08 Cv. 3516 (SWK), 2008 WL 2566558, at \*1 (S.D.N.Y. June 26, 2008) ("consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports") (internal quotation marks and citation omitted).

Here, the Actions are well-suited for consolidation. The complaint filed in each of the Actions alleges that Defendants violated the Exchange Act. Each action sets forth identical allegations relating to similar parties, transactions, and events. Because consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Rule 42(a). Accordingly, Perry and Eddy respectfully request that the Court consolidate the Actions, and any other subsequently filed action.

**B.      Perry and Eddy Should be Appointed Lead Plaintiff**

Perry and Eddy respectfully submit that they should be appointed Lead Plaintiff because they timely filed the instant motion, believe they have the largest financial interest of any qualified movant, and satisfy the typicality and adequacy requirements of Rule 23.

**1.      The PSLRA Standard For Appointing Lead Plaintiff**

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also*

15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).  First, Section

21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, the Court is to consider any motion made by Class

members to serve as Lead Plaintiff and appoint the "most adequate plaintiff."  15 U.S.C. § 78u-

4(a)(3)(B)(i).  In adjudicating the lead plaintiff motions, the Court shall adopt a presumption that

the "most adequate plaintiff" is the person who: (i) filed a complaint or timely filed a motion to

serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the Class; and

(iii) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I);

*see also Luczak v. Nat'l Beverage Corp.*, No. 0:18-cv-61631-KMM, 2018 WL 9847842, at *1

(S.D. Fla. Oct. 12, 2018).  This presumption may be rebutted only by "proof" that the

presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the

class" or "is subject to unique defenses that render such plaintiff incapable of adequately

representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Nat'l Beverage Corp.*, 2018

WL 9847842, at *1.

Under the framework established by the PSLRA, Perry and Eddy are "the most adequate

plaintiff" and should be appointed as Lead Plaintiff.

**C.     Perry and Eddy are the "Most Adequate Plaintiff"**

**1.     Perry and Eddy's Motion Is Timely**

Perry and Eddy filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed action against Defendants caused notice regarding the pending nature of this case to be published on *Business Wire*, a widely-circulated, national, business-oriented news wire service, on March 12, 2020. *See* Notice, Widlanski Decl., Ex. C. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before May 11, 2020. Perry and Eddy filed their motion seeking appointment as Lead Plaintiff within this deadline and thus have satisfied the procedural requirements of the PSLRA.

**2.     Perry and Eddy Have the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Eagle Bldg. Techs.*, 209 F.R.D. at 502 ("The most important factor in determining the lead plaintiff is the amount of financial interest claimed.").

Perry and Eddy incurred substantial losses of *$267,807.80* on their relevant transactions in Norwegian securities on a LIFO basis during the Class Period. *See* Loss Analysis, Widlanski Decl., Ex. B. Accordingly, Perry and Eddy have a substantial financial interest as qualified movants seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Sherleigh Assoc. LLC v. Windmere–Durable Holdings,*

*Inc.*, 184 F.R.D. 688, 692 (S.D. Fla. 1999) (choosing as lead plaintiff the individual who has the largest financial interest).

### 3. Perry and Eddy Satisfy Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc). At the lead plaintiff selection stage all that is required to satisfy Rule 23 is a "preliminary showing" that the lead plaintiff's claims are typical and adequate. *Nat'l Beverage Corp.*, 2018 WL 9847842, at \*2; *see also Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016). Here, Perry and Eddy unquestionably satisfy both requirements.

### (a) Perry and Eddy's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when there is "a nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class." *Nicholas Fin., Inc.*, 2014 WL 1763211, at \*5 (quoting *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)). On this point, "'[a] sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory."' *Id.* (quoting *Carnival Cruise Lines, Inc.*, 741 F.2d at 1337).

As applied, Perry and Eddy's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Perry and Eddy allege that Defendants made material misstatements and omissions regarding the Company's statements related to COVID-19. Perry and Eddy, as did all of the members of the Class, transacted in Norwegian securities during the Class Period in reliance on Defendants' alleged misstatements and omissions and were damaged

thereby.  Because Perry and Eddy's claims arise from the same course of events as do the claims of other Class members, the typicality requirement is satisfied.

**(b)     Perry and Eddy Satisfy the Adequacy Requirement of Rule 23**

"[T]he adequacy prong requires that the class representatives have common interests with the nonrepresentative class members and requires that the representatives demonstrate that they will vigorously prosecute the interests of the class through qualified counsel."  *Id.* (quoting *Piazza v. Ebsco Indus. Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001)).  "Thus, the adequacy of representation analysis involves two inquiries: '(1) whether any substantial conflicts of interest exist between the representatives and the class, and (2) whether the representatives will adequately prosecute the action.'"  *Id.* (quoting *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003)).

As applied, Perry and Eddy have satisfied the adequacy requirement of Rule 23.  *First*, Perry and Eddy understand and accept the duties and obligations as a Lead Plaintiff under the PSLRA.  *See* Certifications, Widlanski Decl., Ex. A.  *Second*, no antagonism exists between the interests of Perry and Eddy, and those of the absent Class members; rather, the interests of Perry, Eddy, and the Class are squarely aligned.  Perry and Eddy jointly suffered substantial losses due to Defendants' alleged misconduct and, therefore, have a sufficient interest in the outcome of this case to ensure vigorous prosecution of this action.  *Third*, there is no proof that Perry and Eddy are "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  *Finally*, Perry and Eddy have retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* at Section II.D, and timely submitted their choice to the Court for approval, in accordance with the PSLRA.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v).  Based on the foregoing, Perry and Eddy are adequate to represent the Class.

9

### 4. Perry and Eddy are Precisely the Type of Small, Cohesive Group Permitted Under the PSLRA

The PSLRA expressly provides for multiple investors to serve as lead plaintiff in federal securities class actions under the proper circumstances. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (providing that the court shall appoint a "person or group of persons" to serve as Lead Plaintiff); *Eagle Bldg. Techs.*, 209 F.R.D. at 503 ("aggregation is acceptable for the purposes of lead plaintiff in private securities litigation."); *see also Eastwood Enters. v. Farha*, No. 8:07-cv-1940-T-24MSS, 2008 WL 687351, at *2 (M.D. Fla. Mar. 11, 2008) ("District courts within the Eleventh Circuit have allowed aggregation of a group's loss in order to determine whether the group is the presumptively most adequate plaintiff."); *Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, No. 8:06-CV-1716-T-23EAJ, 2007 WL 170556, at *2 (M.D. Fla. Jan. 18, 2007) ("The idea that plaintiffs may aggregate their losses into a group to show the largest financial interest derives from the language of the PSLRA which states that the most adequate plaintiff is the 'person or group of persons.'") (citation omitted). Therefore, under the prevailing law in this Circuit, Perry and Eddy are a proper lead plaintiff group.

Furthermore, Perry and Eddy, two likeminded sophisticated investors, have already demonstrated their commitment to working cohesively in the joint prosecution of the Actions. *See* Joint Declaration, Widlanski Decl. Ex. D. As set forth in the Joint Declaration, Perry and Eddy individually sought to retain Labaton Sucharow and Bernstein Liebhard as counsel in seeking to jointly be appointed as Lead Plaintiff. Upon learning of the pendency of the Actions, and having suffered significant losses in Norwegian securities, Perry and Eddy independently sought to be represented by counsel in the Action. *See id.* ¶¶ 3, 5, 6. In subsequent discussions with their respective counsel regarding the responsibilities of the lead plaintiff under the PSLRA, Perry and Eddy expressed an interest in moving for appointment as Lead Plaintiff as part of a

cohesive group of like-minded investors. *Id.* As such, Perry and Eddy, through the facilitation of counsel, communicated regarding their investments in the Company and the pending case against Defendants. *See id.* ¶ 6. Based on these discussions, Perry and Eddy determined to jointly seek appointment as Lead Plaintiff in the best interests of all Class members. *See id.*

Following this decision, Perry and Eddy held a conference call on May 8, 2020, to formalize their relationship by strategizing in greater detail their collaborative approach to litigate the Actions and oversee counsel, their commitment to zealously representing the Class, and the benefits their joint representation would provide to the Class. *See id.* ¶¶ 9–11; *see also Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 WL 3093965, at *5 (S.D.N.Y. June 21, 2018) (finding lead plaintiff group involvement in litigation satisfactory based on "conference call to discuss the responsibilities of the role and the benefits they would provide as a group"). Therefore, Perry and Eddy have been requisitely involved in the litigation to date, independently sought and retained counsel, and through their own agency determined to seek joint appointment as Lead Plaintiff. *See, e.g.*, *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (appointing a group in view of "declarations demonstrating cooperative efforts among" its members).

Moreover, the Joint Declaration submitted by Perry and Eddy establishes them as sophisticated investors who would be well-equipped to represent the Class and oversee counsel in this litigation. *See Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 119 (S.D.N.Y. 2010) (appointing as lead plaintiff a group of "sophisticated individuals who have demonstrated their intent to participate directly in this litigation and their willingness and ability to serve as class representatives"). Specifically, the Joint Declaration provides the following information for both Perry and Eddy: (i) their city and state of residence; (ii) background; and (iii) investment

11

experience.  *See* Widlanski Decl. Ex. D ¶¶ 2, 4.

Finally, the Joint Declaration provides that Perry and Eddy understand and adopt the fiduciary responsibilities of the PSLRA lead plaintiff, and in that regard are determined to control the litigation independent of counsel.  *See id.* ¶¶ 10, 13.  To this end, Perry and Eddy, if appointed, will regularly communicate with or without counsel, confer with counsel regarding litigation strategy and other matters, and attend court proceedings, depositions, any settlement mediations, and hearings as needed.  *See id.* ¶ 13; *see also Maliarov v. Eros Int'l PLC*, No. 15-CV-8956 (AJN), 2016 WL 1367246, at *5 (S.D.N.Y. Apr. 5, 2016) (finding group satisfactory where the members "represented that they are prepared to attend court proceedings, settlement conferences, and other hearings when doing so will be of benefit to the proposed Class") (internal quotation marks and citation omitted).  Therefore, if appointed, Perry and Eddy will endeavor to actively steer this litigation in order to efficiently and effectively maximize recovery for the Class.

### D.     Perry and Eddy's Selection of Counsel Merits Approval

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").  Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class."  *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Perry and Eddy have selected the law firms of Labaton Sucharow and Bernstein Liebhard to represent the Class.  Labaton Sucharow has excelled as lead counsel in numerous actions on behalf of defrauded investors.  For example, Labaton Sucharow served as lead counsel

in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which the Firm served as co-lead counsel. Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-2027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members, and secured a $170 million recovery as co-lead counsel in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-7831 (S.D.N.Y.). Labaton Sucharow presently serves as lead or co-lead counsel in several significant investor class actions. *See* Labaton Sucharow Firm Resume, Widlanski Decl., Ex. E.

Similarly, Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *In re Hexo Corp Securities Litigation*, No. 19-cv-10965 (S.D.N.Y.); *Stirling v. Ollie's Bargain Outlet Holdings Inc.*, No. 19-cv-08647 (S.D.N.Y.); and *In re Fiat Chrysler Automobiles N.V. Securities Litigation*, No. 19-cv-06770 (E.D.N.Y.). *See* Bernstein Liebhard Firm Resume, Widlanski Dec., Ex. F.

Finally, Kozyak Tropin & Throckmorton is well-qualified to represent the Class as Liaison Counsel. Kozyak Tropin & Throckmorton maintains an office in this District and has substantial litigation experience before the federal courts in this District. Thus, the firm is well qualified to represent the Class as Liaison Counsel. *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court.").

In light of the foregoing, the Court should approve Perry and Eddy's selection of Labaton Sucharow and Bernstein Liebhard as Lead Counsel for the Class and Kozyak Tropin & Throckmorton as Liaison Counsel to the Class. The Court can be assured that, by approving Perry and Eddy's choice of counsel, the Class will receive the highest caliber of representation.

## III. CONCLUSION

For the foregoing reasons, Perry and Eddy respectfully request that the Court issue an Order: (i) consolidating the above-captioned actions; (ii) appointing Perry and Eddy as Lead Plaintiff for the Class; (iii) approving Perry and Eddy's selection of Labaton Sucharow and Bernstein Liebhard as Lead Counsel for the Class and Kozyak Tropin & Throckmorton as Liaison Counsel to the Class; and (iv) granting such other relief as the Court may deem just and proper.

### **LOCAL RULE 7.1(b) REQUEST FOR HEARING**

Perry and Eddy respectfully request oral argument on this Motion. Counsel for Perry and Eddy believe that oral argument, estimated to take one hour, will assist the Court in making a determination as to which movant should be appointed Lead Plaintiff in accordance with the PSLRA.

DATED: May 11, 2020                       Respectfully submitted,

*/s/ Benjamin Widlanski*
**KOZYAK TROPIN & THROCKMORTON LLP**
Benjamin Widlanski, Esq.
Florida Bar No. 1010644
Harley S. Tropin, Esq.
Florida Bar No. 241253
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

bwidlanski@kttlaw.com
hst@kttlaw.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Christopher J. Keller
(*pro hac vice* forthcoming)
Eric J. Belfi
(*pro hac vice* forthcoming)
Francis P. McConville
(*pro hac vice* forthcoming)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
(*pro hac vice* forthcoming)
Laurence J. Hasson
(*pro hac vice* forthcoming)
Matthew E. Guarnero
(*pro hac vice* forthcoming)
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
bernstein@bernlieb.com
lhasson@bernlieb.com
mguarnero@bernlieb.com

*Counsel for Lead Plaintiff Movants William
C. Perry and Brian Mark Eddy and
Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall
(*pro hac vice* forthcoming)
Rina Restaino
(*pro hac vice* forthcoming)
1880 Century Park East, Suite 404

Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile: (310) 388-0192
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for William C. Perry*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2020, a true and accurate copy of the above document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send Notice of Electronic Filing to all counsel of record.

*/s/ Benjamin Widlanski*
Benjamin Widlanski