# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-21107-CIV-SCOLA/TORRES

| | |
|---|---|
| ERIC DOUGLAS, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br>     vs.<br><br>NORWEGIAN CRUISE LINES, FRANK J. DEL RIO, and MARK A. KEMPA,<br><br>          Defendants. | |
| ANGEL BANUELOS, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br>     vs.<br><br>NORWEGIAN CRUISE LINES, FRANK J. DEL RIO, and MARK A. KEMPA,<br><br>          Defendants. | **Case No. 1:20-cv-21685-JEM** |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF MOVANT SIMON HURDUISE TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE SELECTION OF COUNSEL**

## TABLE OF CONTENTS

MOTION..................................................................................................................................... 1

INTRODUCTION AND BACKGROUND ............................................................................... 1

ARGUMENT ............................................................................................................................. 5

I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED ......................................... 5

II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF............................................ 5

    A.    MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE....................... 6

    B.    MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION ........... 6

    C.    MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL

    RULES OF CIVIL PROCEDURE ....................................................................................... 7

        1. Movant's Claims are Typical..................................................................................... 8

        2. Movant Is Adequate .................................................................................................. 8

    D.    MOVANT IS PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFF ................. 9

III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED.......................... 9

CONCLUSION......................................................................................................................... 10

COMPLIANCE WITH CIVIL LOCAL RULE 7.1(A)(3) ........................................................ 11

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.,*
22007 WL 170556 (M.D. Fla. Jan. 18, 2007) ............................................................ 6

*In re Bally Total Fitness, Sec. Litig.,*
2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ............................................................ 7

*In re Cendant Corp. Litig.,*
264 F.3d. 201 (3d Cir. 2001) ............................................................................ 8

*In re Comverse Technology, Inc. Secs. Litig.,*
2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ............................................................ 6

*In re Fuwei Films Sec. Litig.,*
247 F.R.D. 432 (S.D.N.Y. 2008) ...................................................................... 7, 8

*In re Livent, Inc. Noteholders Sec. Litig.,*
210 F.R.D. 512 (S.D.N.Y. 2002) ....................................................................... 8

*In re Olsten Corp. Secs. Litig.,*
3 F. Supp.2d 286 (E.D.N.Y. 1998) ................................................................... 6, 7

*In re Oxford Health Plans, Inc. Sec. Litig.,*
182 F.R.D. 42 (S.D.N.Y. 1998) ......................................................................... 8

*Lax v. First Merchants Acceptance Corp.,*
1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ......................................................... 6, 7

*Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.,*
No. 608-CV-388-ORL-19DAB, 2008 WL 2608111 (M.D. Fla. July 1, 2008) ..................... 9

*Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.,*
184 F.R.D. 688 (S.D. Fla. 1999) ........................................................................ 6

Statutes

15 U.S.C. §78u-4(a)(3) ................................................................................. 1, 5, 6, 9

Rules

Fed. R. Civ. P. 42(a) ........................................................................................................... 5
Fed. R. Civ. P. Rule 23 ................................................................................................. 6, 7, 8

## MOTION

Plaintiff Simon Hurduise ("Movant"), pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), hereby moves this honorable Court on a date and at such time as may be designated by the Court, for an Order: (1) consolidating the above-captioned actions ("Securities Class Actions"); (2) appointing Movant as Lead Plaintiff; (3) approving the Movant's selection of The Rosen Law Firm, P.A. to serve as Lead Counsel and Saxena White P.A. to serve as Liaison Counsel for the Class; and (4) granting such other and further relief the Court may deem just and proper.

In support of this Motion, Movant submits this incorporated Memorandum of Law, the Declaration of Adam D. Warden, and a [Proposed] Order, all dated May 11, 2020.

## INTRODUCTION AND BACKGROUND

This action was commenced on March 12, 2020, against Norwegian Cruise Line Holdings Ltd. ("Norwegian" or the "Company"), Frank J. Del Rio, and Mark A. Kempa (collectively, "Defendants") for violations under the Exchange Act by The Rosen Law Firm, P.A. That same day, The Rosen Law Firm, P.A. issued an early notice pursuant to the PSLRA advising class members of, inter alia, the allegations and claims in the complaint, a class period from February 20, 2020 through March 12, 2020, inclusive (the "Class Period"), and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Adam D. Warden ("Warden Decl."), Ex. 1, filed herewith.

On March 31, 2020, the related *Atachbarian* Action was commenced alleging violations under the Exchange Act against the same defendants for a substantially identical class period. On April 10, 2020, this Court consolidated the *Atachbarian* Action with this action and ordered the

Clerk to administratively close the *Atachbarian* Action. (Dkt. 7.)

On April 22, 2020, the related *Banuelos* Action was commenced alleging violations under the Exchange Act against the same defendants for the same Class Period.

The complaints allege that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about Norwegian's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) the Company was employing sales tactics of providing customers with unproven and/or blatantly false statements about COVID-19 to entice customers to purchase cruises, thus endangering the lives of both their customers and crew members; and (2) as a result, Defendants' statements regarding the Company's business and operations were materially false and misleading and/or lacked a reasonable basis at all relevant times. When the true details entered the market, the lawsuits claim that investors suffered damages.

Norwegian is a global cruise company which operates the Norwegian Cruise Line, Oceania Cruise Line, Oceania Cruises, and Regent Seven Seas Cruises brands. On February 20, 2020, the Company filed a Form 8-K with the SEC. Attached to the Form 8-K was a press release reporting on the Company's financial results for the quarter and full year ended December 31, 2019. In that press release, Defendants discussed positive outlooks for the Company in spite of the COVID-19 outbreak including stating: "Despite the current known impact from the COVID-19 coronavirus outbreak, as of the week ending February 14, 2020, the Company's booked position remained ahead of prior year and at higher prices on a comparable basis . . ." and "While the effect of these impacts cannot be fully quantified at this time, our Company has an exemplary track record of demonstrating its resilience in challenging environments and we remain confident in our ability to deliver strong financial performance over

2

the long-term." The Company also touted the procedures they had in place to protect its guests and crew.

On February 27, 2020, the Company filed its Form 10-K with the SEC for the year ending December 31, 2019 (the "2019 10-K"). The 2019 10-K was signed by Defendants Del Rio and Kempa. Attached to the 2019 10-K were certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") signed by Defendants Del Rio and Kempa attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud. The 2019 10-K discussed the Company's focus on health and safety of the guests and crew, stating in relevant part, "We place the utmost importance on the safety of our guests and crew." The 2019 10-K also stated the following regarding passenger well-being, in relevant part: "In the U.S., we must meet the U.S. Public Health Service's requirements, which include vessel ratings by inspectors from the Vessel Sanitation Program of the Centers for Disease Control and Prevention ("CDC") and the FDA. We rate at the top of the range of CDC and FDA scores achieved by the major cruise lines" and "In addition, the cruise industry and the U.S. Public Health Service have agreed on regulations for food, water and hygiene, aimed at proactively protecting the health of travelers and preventing illness transmission to U.S. ports."

Then, on March 11, 2020, the *Miami New Times* reported in an article entitled "Leaked Emails: Norwegian Pressures Sales Team to Mislead Potential Customers About Coronavirus" that leaked emails from a Norwegian employee showing the Company directed its sales staff to lie to customers regarding COVID-19. The article stated the following, in relevant part, "In the wake of the epidemic, a Norwegian Cruise Line (NCL) employee in South Florida tells *New Times* some managers have asked sales staff to lie to customers about COVID-19 to protect the

3

company's bookings." The article also states that a senior sales manager at Norwegian's Miami office "came up with canned responses for the sales team to use if potential customers expressed concerns about COVID-19" which included "'The Coronavirus can only survive in cold temperatures, so the Caribbean is a fantastic choice for your next cruise,' one talking point reads[,]" and "'Scientists and medical professionals have confirmed that the warm weather of the spring will be the end of the Coronavirus,' reads a second."

The *Miami New Times* article also stated the following regarding the financial impact of COVID-19: "'We are hardly selling anything,' the employee says. 'Sales are at serious lows[,]'" and "[t]he employee says managers are trying to downplay the disruption in sales 'at all costs.'"

On this news, the Company's shares fell $5.47 per share or approximately 26.7% to close at $15.03 per share on March 11, 2020, damaging investors.

On March 12, 2020, the *Washington Post* published the article entitled "Norwegian Cruise Line managers urged salespeople to spread falsehoods about coronavirus." The article revealed even more about Norwegian's sales tactics from leaked internal memoranda including dangerous statements such as: "'Focusing all of your attention is actually illogical, especially when we live in a world of daily threats and dangers anyhow,' the manager wrote under the headline 'The coronavirus will not affect you.' 'Fact: Coronavirus in humans is an overhyped pandemic scare.'"

On this news, the Company's shares fell an additional $5.38 or approximately 35.8% to close at $9.65 on March 12, 2020, further damaging investors. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by substantially similar Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA set forth procedures for the selection of Lead Plaintiff in class actions brought under the Act.  The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group…" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.*, 184 F.R.D. 688, 693 (S.D. Fla. 1999).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

## A.      MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 to Warden Decl. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

## B.      MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person … that . . . has the largest financial interest in the relief sought by the class" 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007). In determining the movant with the largest financial interest, Courts have employed the *Olsten/Lax* analysis: (1) the number of shares purchased during the class period; (2) the net number of shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period. *In re Comverse Technology, Inc. Secs. Litig.*, 2007 WL 680779

* 3 (E.D.N.Y. Mar. 2, 2007) (*citing Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 * 5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).

Of the *Lax/Olsten*-styled factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960, at *4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $75,344.82 in connection with his purchases of Norwegian securities. *See* Warden Decl. Ex. 3. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

## C.  MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the movants satisfy the requirements of Rule 23 is

7

sufficient. *In Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted) Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.      Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about Norwegian's business and financial condition. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.      Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litig.,* 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also

sustained substantial financial losses from investments in Norwegian securities and is therefore, extremely motivated to pursue claims in this action.

**D.      MOVANT IS PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFF**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class.

Thus, the close alignment of interests between Movant and other class members, as well as his strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

**III.      MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa);  *Plumbers & Pipefitters Local 51 Pension Fund v. Darden*

9

*Restaurants, Inc.,* No. 608-CV-388-ORL-19DAB, 2008 WL 2608111, at \*2 (M.D. Fla. July 1, 2008) (when a law firm has prosecuted securities class actions in the past successfully, courts will generally not interfere with a lead plaintiff movant's choice of counsel.).

Movant has selected The Rosen Law Firm, P.A. to serve as Lead Counsel and Saxena White P.A. to serve as Liaison Counsel for the Class. The Rosen Law Firm has been actively researching the class plaintiffs' claims, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the Defendants, including filing this action. Furthermore, The Rosen Law Firm, P.A. is experienced in the area of securities litigation and class actions and has successfully prosecuted securities litigation and securities fraud class actions on behalf of investors in courts across the country. *See* Warden Decl., Ex. 4. Recently Institutional Shareholder Services, issued their "The Top 50 of 2019," where The Rosen Law Firm, P.A. was ranked number 3 in the nation with a total of $483,340,000 in securities class action settlements in 2019.[1] Likewise, Saxena White P.A. possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class action on behalf of injured investors in this Court and in courts across the country. *See* Warden Decl., Ex. 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the related Securities Class Actions; (2) appointing Movant as Lead Plaintiff for

---

[1] *See,* https://www.issgovernance.com/library/the-top-50-of-2019/

the class; (3) approving Movant's selection of The Rosen Law Firm, P.A. to serve as Lead Counsel and Saxena White P.A. to serve as Liaison Counsel for the Class; and (4) granting such other relief as the Court may deem to be just and proper.

## COMPLIANCE WITH CIVIL LOCAL RULE 7.1(A)(3)

Local Rule 7.1(a)(3) requires a conference of counsel prior to filing motions. Due to the lead plaintiff procedure of the PSLRA, however, Movant does not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of Local Rule 7.1(a)(3) be waived with respect to this Motion.

Dated: May 11, 2020                           Respectfully submitted,

**SAXENA WHITE P.A.**

*/s/Adam D. Warden*
Adam D. Warden, Fla. Bar No. 0873691
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Fax: (561) 394-3382
Email: awarden@saxenawhite.com

*[Proposed] Liaison Counsel for Proposed Lead Plaintiff and Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq., Fla. Bar No. 0182877
Phillip Kim, Esq. (pro hac vice to be filed)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Proposed Lead Plaintiff and Class*

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/Adam D. Warden*
Adam D. Warden