**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-21107-CIV-SCOLA/TORRES**

| | |
|---|---|
| ERIC DOUGLAS, Individually and On Behalf of All Others Similarly Situated, <br><br>             Plaintiff, <br>     vs. <br><br> NORWEGIAN CRUISE LINES, FRANK J. DEL RIO, and MARK A. KEMPA, <br><br>             Defendants. | |
| ANGEL BANUELOS, Individually and On Behalf of All Others Similarly Situated, <br><br>             Plaintiff, <br>     vs. <br><br> NORWEGIAN CRUISE LINES, FRANK J. DEL RIO, and MARK A. KEMPA, <br><br>             Defendants. | **Case No. 1:20-cv-21685-JEM** |

**[PROPOSED] ORDER CONSOLIDATING RELATED ACTIONS,**
**APPOINTING SIMON HURDUISE AS LEAD PLAINTIFF AND**
**APPROVING HIS SELECTION OF COUNSEL**

WHEREAS, the above-captioned securities class actions (the "Securities Class Actions") have been filed against defendant Norwegian Cruise Line Holdings Ltd. and certain of its officers (collectively "Defendants"), alleging violations of the federal securities laws;

WHEREAS, Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may order all actions consolidated if they involve "common issues of law or fact." Fed. R. Civ. P. 42(a). The Securities Class Actions involve common legal and factual issues; thus, efficiency and consistency will result from their consolidation. *See* Fed. R. Civ. P. 42(a);

WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i), on March 12, 2020 a notice was issued to potential class members informing them of the action and their right to move to serve as lead plaintiff within 60 days of the date of the issuance of said notice;

WHEREAS, on May 11, 2020, Plaintiff Simon Hurduise ("Movant"), moved the Court to: (1) consolidate the related Securities Class Actions; (2) be appointed as lead plaintiff; and (3) approve Movant's selection of the Rosen Law Firm, P.A. as lead counsel and Saxena White P.A. as liaison counsel;

WHEREAS, the PSLRA, provides, *inter alia*, that the most-adequate plaintiff to serve as lead plaintiff is the Movant that has either filed a complaint or has made a motion in response to a notice and has the largest financial interest in the relief sought by the Class and satisfied the requirement of Fed. R. Civ. P. 23; and

WHEREAS, the Court finding that Movant has the largest financial interest in this action and prima facie satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**IT IS HEREBY ORDERED THAT:**

**CONSOLIDATION OF SECURITIES CLASS ACTIONS**

1.      The Securities Class Actions are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings pursuant to Fed. R. Civ. P. 42(a).

**MASTER DOCKET AND CAPTION**

2.      The docket in Case No. 20-21107-CIV-SCOLA/TORRES shall constitute the Master Docket for this action.

3.      Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
----------------------------------------------------------X

IN RE NORWEGIAN CRUISE LINE
HOLDINGS LTD. SECURITIES
LITIGATION,

Master File No. 20-21107-CIV-
SCOLA/TORRES

CLASS ACTION

----------------------------------------------------------X
This Document Relates To:

4.      The file in civil action no. 20-21107-CIV-SCOLA/TORRES shall constitute a master file for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

5.      All Securities Class Actions subsequently filed in, or transferred to, this District shall be consolidated into this action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order,

must file an application for relief from this Order within ten days after the date on which a copy of this Order is mailed to the party's counsel.

6.      This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause shown.

## APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

7.      Pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. §78u-(a)(3)(B), Movant is appointed as Lead Plaintiff for the class as Movant has the largest financial interest in this litigation and otherwise satisfies the requirements of Fed. R. Civ. P. 23.

8.      Movant's choice of counsel is approved, and accordingly, the Rosen Law Firm, P.A. is appointed as Lead Counsel and Saxena White P.A. is appointed as Liaison Counsel for the Class.

9.      Lead Counsel, after being appointed by the Court, shall manage the prosecution of this litigation. Lead Counsel is to avoid duplicative or unproductive activities and is hereby vested by the Court with the responsibilities that include, without limitation, the following: (1) to prepare all pleadings; (2) to direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) to initiate and direct discovery; (4) prepare the case for trial; and (5) to engage in settlement negotiations on behalf of Lead Plaintiff and the Class.

SO ORDERED:

Dated _____, 2020      _____
                              HON. ROBERT N. SCOLA, JR.
                              UNITED STATES DISTRICT JUDGE

4