**Exhibit D**

**JOINT DECLARATION OF WILLIAM C. PERRY AND BRIAN MARK EDDY IN SUPPORT OF THEIR MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

We, William C. Perry, and Brian Mark Eddy, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We submit this joint declaration in support of our Motion for the entry of an Order: (i) consolidating the pending securities class actions captioned: *Douglas v. Norwegian Cruise Lines*, No. 20-cv-21107 (S.D. Fla.), and *Banuelos v. Norwegian Cruise Lines*, No. 20-cv-21685 (S.D. Fla.) (together, the "Action"); (ii) appointing William C. Perry and Brian Mark Eddy as Lead Plaintiffs in the Action; and (iii) approving William C. Perry and Brian Mark Eddy's selection of Labaton Sucharow LLP ("Labaton Sucharow") and Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the Class and Kozyak Tropin & Throckmorton LLP as Liaison Counsel for the Class. We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). We each have personal knowledge regarding the facts relating to ourselves set forth in this Joint Declaration.

2.      I, William C. Perry reside in Honolulu, Hawaii. I hold a Bachelors in Economics from Southern Illinois University, located in Carbondale Illinois, and a Masters in Health Services Management/Business Administration from Webster University, located in St. Louis Missouri. I previously served in the United States Navy for over thirty years, and reached the rank of Captain in the Staff Core Medical Service. During my service in the Navy, I achieved several awards, including, but not limited to, the Defense Superior Service Medal, Navy Commendation, Medal, and Joint Service Commendation Medal. I am also a Board Certified Healthcare Executive as a Life Fellow in the American College of Healthcare Executives. I have

expertise in health plan management and operations, provider relationships, strategic and capital investment planning, TRICARE health plan management, integrated delivery systems, team building, continuous quality improvement and change management.  I have been investing since 1983, primarily in options, and have been relying on my investments to make income for over thirty years.  I chose to invest in Norwegian Cruise Lines ("Norwegian" or the "Company") because I am a frequent customer of the Company.  As set forth in the motion for appointment as Lead Plaintiff and supporting papers, I suffered significant losses on my investments in Norwegian securities.

3.      Having suffered substantial financial harm on my investments in Norwegian securities during the Class Period, I contacted The Schall Law Firm ("Schall Law") following the filing of the Action.  During my discussions with Schall Law, I was informed about the law firm of Labaton Sucharow, a nationally recognized law firm for their work in securities class actions.  With my consent, Schall Law provided my trading data in Norwegian securities to Labaton Sucharow to fully analyze my exposure to the Action.  Upon being informed of my financial interest in the outcome of the Action by Labaton Sucharow, as reflected in my Certification and Loss Analysis, I further discussed the Action with Labaton Sucharow and Schall Law, as well as the responsibilities of a court-appointed lead plaintiff under the PSLRA.  Following these discussions, I expressed an interest in serving as Lead Plaintiff, including doing so alongside a group of similarly-situated investors.

4.      I, Brian Mark Eddy reside in the Orange Beach, Alabama.  I hold a Bachelor's degree in Banking and Finance from Jacksonville State University, a school in Eastern Alabama.  I am currently retired.  I previously worked in commercial equipment finance, most recently at GE Capital as a Senior Account Executive.  In that role, I provided equipment and leasing financing to the upper market. Throughout my career, I worked closely with attorneys. I

2

have been investing in the securities markets for more than 25 years. As set forth in the motion for appointment as Lead Plaintiff and supporting papers, I suffered significant losses on my investments in Norwegian securities and want to recover both my losses and the Class's losses as a result of the alleged fraud.

5. Having suffered substantial losses in connection with my investment in Norwegian securities I contacted Bernstein Liebhard, a nationally recognized law firm, to discuss the Action and to learn how I could become involved.  Among other things, I also discussed the lead plaintiff process and the responsibilities of a court-appointed lead plaintiff under the PSLRA.  Following these discussions, I expressed my interest in serving as Lead Plaintiff, including doing so alongside a group of like-minded, similarly-situated investors.

6. Based on the foregoing, we in our individual capacity, each determined to seek appointment as Lead Plaintiff in the Action.  In exploring whether to pursue a leadership position in this case, we each instructed our counsel that we were interested in pursuing such a leadership position as part of a group of similarly-situated investors.  Following this, a dialogue was opened with one another through the facilitation of our respective counsel to explore whether it would be in our, and the Class' best interests, to seek appointment as Lead Plaintiff together.  Through our discussions, we determined that based on our investments and losses in Norwegian securities, that our interests were squarely aligned, and thus concluded on our own volition that we could best achieve our shared goals of securing the maximum potential recovery for harmed Norwegian investors, including ourselves, by seeking joint appointment as Lead Plaintiff. Furthermore, we determined that this mutually beneficial partnership would ensure that the Class was represented by highly-qualified counsel.

7. We understand that the PSLRA and courts throughout the country endorse the appointment of small, cohesive groups of investors to serve as lead plaintiff when they are able

3

to effectively oversee our proposed Lead Counsel in an independent manner. We intend to prosecute this action in such an independent and vigorous manner.

8. Moreover, we are highly motivated to recover our respective losses in Norwegian securities and intend to share our perspectives, experiences, and resources to direct this litigation. To this end, we have discussed with each other the importance of joint decision-making, open communication and the ability to confer, with or without counsel, via telephone and/or email on short notice to ensure that we are able to make timely decisions.

9. As part of an effort to further formalize our leadership over this action, we participated in a joint conference call on May 8, 2020, to discuss our losses arising from Defendants' misconduct, the claims alleged against Defendants, and jointly prosecuting the case. During this call, we also discussed: the duties of the PSLRA lead plaintiff as fiduciary to the class; the benefits the Class would receive from the our joint leadership; our desire to maximize the recovery for the Class; our interests in prosecuting the case in a collaborative fashion; and ensuring that the Class' claims will be efficiently and zealously prosecuted through our oversight of our proposed Lead Counsel.

10. On this last point, we discussed on our call the importance of selecting qualified counsel to prosecute the litigation, and that they do so in a cost-effective manner. With respect to our selected counsel, we believe that the Class will benefit from having the pooled resources and experience of Labaton Sucharow and Bernstein Liebhard, two firms with noteworthy histories of successfully litigating securities class actions, to serve as Lead Counsel. Therefore, through our oversight of our proposed Lead Counsel, we are confident that our proposed Lead Counsel will prosecute this litigation in a zealous and efficient manner.

11. Finally during our call, we each agreed that to ensure that the litigation is prosecuted in the best interests of the Class, we will exercise joint decision-making and work

4

together to actively monitor the activities of counsel and to share our collective experience.  We understand the importance of maintaining regular communication and have established procedures for overseeing the progress of the litigation and communicating both separate and apart from counsel and with counsel as needed and when appropriate.  Specifically, we have exchanged the necessary contact information to enable us to confer, with or without counsel, on short notice to ensure that we are able to make timely decisions.  Additionally, we have agreed to set up periodic conference calls as often as necessary, with or without counsel, to discuss the status and progress of this litigation and the prospects for any resolution of this matter.

12.     Based on communications to date, we do not anticipate that any disagreements between us will arise if appointed as Lead Plaintiff.  Further, we have agreed to make all efforts, in good faith, to reach consensus with respect to all litigation decisions.  As such, we will consult with our counsel as we deem necessary to fulfill our fiduciary obligations to the Class.  In the unlikely event, however, that any such disagreement does arise during the course of the litigation which we are unable to resolve through thoughtful and careful deliberation, we have agreed that the movant with the largest loss, will have final decision in the matter.

13.     We hereby reaffirm our commitment to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, any settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents.  Through these and other measures, we will ensure that the Norwegian securities litigation will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the Class, and will seek to obtain the greatest possible recovery for the Class.

Pursuant to 28 U.S.C. § 1746, I, William C. Perry, declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true to the best of my knowledge.

Executed this _____ day of  May, 2020.

5/11/2020

DocuSigned by:

*WC Perry*

ED8C343AC08D41A...

William C. Perry

6

Pursuant to 28 U.S.C. § 1746, I, Brian Mark Eddy, declare under penalty of perjury under

the laws of the United States of America that the foregoing statements relating to myself are true

to the best of my knowledge.

Executed this   May 9, 2020   day of  May, 2020.

DocuSigned by:

*Brian Mark Eddy*

971B466DF18F4A2...

Brian Mark Eddy