# EXHIBIT 2

ORIGINAL

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

REBECCA PERLMUTTER
Deputy Chief, Criminal Division

GREGG PARIS YATES
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii   96850
Telephone:   (808) 541-2850
Facsimile:   (808) 541-2958
Email:   Gregg.Yates@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 16 2019

at 2 o'clock and 25 min. PM
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 18-00194 SOM |
| ) | |
| Plaintiff, ) | MEMORANDUM OF PLEA |
| ) | AGREEMENT |
| vs. ) | |
| ) | DATE: September 16, 2019 |
| WILLIAM C. PERRY, III, ) | TIME: 2:15 p.m. |
| ) | JUDGE: Hon. Susan Oki Mollway |
| Defendant. ) | |
| ) | |
| ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, WILLIAM C. PERRY, III, and his attorney, Myles S. Breiner, Esq., have agreed upon the following:

## THE CHARGES

1.     The defendant acknowledges that he has been charged in a one-count Indictment with violating Title 31, United States Code, Section 5324(a)(3).

2.     The defendant has read the charge against him contained in the Indictment, and that charge has been fully explained to him by his attorney.

3.     The defendant fully understands the nature and elements of the crime with which he has been charged.

## THE AGREEMENT

4.     The defendant will enter a voluntary plea of guilty to the Indictment, which charges him with knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations promulgated thereunder, structure $366,750.00 in transactions with domestic financial institutions.   In return, the government will seek victim restitution only as set forth in paragraph 7(d) and forfeiture only as set forth in paragraph 15(a). The government also agrees not to pursue other charges in connection with this matter.

5.     The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.     The defendant enters this plea because he is in fact guilty of knowingly structuring $366,750.00 in transactions with domestic financial institutions for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations promulgated thereunder, as charged in the Indictment, and he agrees that this plea is voluntary and not the result of force or threats.

## PENALTIES

7.     The defendant understands that the penalties for the offense to which he is pleading guilty include:

a.     A term of imprisonment of up to 5 years and a fine of up to $250,000.00, plus a term of supervised release of up to 3 years.

b.     In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty.  The defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.  The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the

prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

c.  **Forfeiture.**  Pursuant to 31 U.S.C. § 5317, forfeiture of any property, real or personal, involved in a violation of 31 U.S.C. § 5324, and any property traceable thereto.

d.  **Restitution.**  The Court may award restitution pursuant to Title 18, United States Code, Section 3663(a)(3) in any criminal case to the extent agreed to by the parties in a plea agreement.   The defendant agrees that Jacqueline L. Perry has suffered a loss in the amount of $183,375.00 caused by the defendant's actions of improperly structuring funds for withdrawal and transfer. This restitution amount includes losses arising from charges not prosecuted as well as all relevant conduct in connection with those charges.   The defendant further agrees to pay restitution in the amount of $183,375.00 to Jacqueline L. Perry, and to deposit that amount with the Clerk of the Court, to be applied to any restitution owed as ordered by the Court, within 30 days after his sentencing.

## FACTUAL STIPULATIONS

8.  The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the defendant is pleading guilty:

4

a. The defendant had opened bank accounts in his name at the Bank of Hawaii (BOH) and Navy Federal Credit Union (NFCU). The defendant also had an E*TRADE online brokerage account in his name that he used and controlled.

b. On or about and in between September 30, 2013 and January 10, 2014, the defendant deposited at least $366,750.00 into a safe deposit box at BOH in the District of Hawaii. The defendant withdrew this amount and transferred it through his checking accounts at BOH and the NFCU to an E*TRADE brokerage account in increments smaller than $10,000.00 to knowingly avoid the currency reporting requirement. In particular, the defendant visited and accessed a safe deposit box at a branch of BOH every two to seven days, removed cash, and made a deposit of approximately between $9,500.00 to $9,900.00 into his checking accounts at BOH and NFCU, usually on the same day. On January 6, 7, 8, and 10, 2014, the defendant made single deposits in amounts less than $10,000.00 into his BOH and NFCU accounts. Upon depositing the cash into his BOH and NFCU accounts, the defendant promptly transferred the money into an E*TRADE brokerage account in his own name.

c. On May 25, 2016, the defendant was interviewed by law enforcement agents. The defendant explained that he had earlier been married and

5

that he had withdrawn at least $366,750.00 from the communal assets that he held in common with his wife at the time, and that he kept this amount in cash, which he hid from his then-wife as he secured a divorce. After completing the divorce from his wife, the defendant moved the cash into his E*TRADE account by breaking the sum down into increments under $10,000.00. The defendant admitted to being aware of the $10,000.00 currency reporting requirement, and he admitted that he moved the money in increments of under $10,000.00 to avoid creating a paper trail, which he believed would be investigated by the Internal Revenue Service.

9.     Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10.     Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

a.     The parties agree that the defendant is responsible for structuring $366,750.00, which includes relevant conduct, for calculating the offense level under the U.S. Sentencing Guidelines.

b.     As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.  If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate.  *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

c.     The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for

7

trial as to the defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if the defendant is otherwise eligible. The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12. The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13. The defendant is aware that he has the right to appeal his conviction and the sentence imposed. The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution order imposed, or the manner in which the sentence or restitution order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement. The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

a. The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than

9

specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

c.     The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

14.     In connection with the collection of restitution or other financial obligations, including forfeiture as set forth below, that may be imposed upon him, the defendant agrees as follows:

a.     The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party.   The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement.   To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office.   The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United

10

States Probation officer assigned to the defendant's case. The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office. The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

b. The defendant expressly authorizes the United States Attorney's Office to obtain his credit report. The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

c. Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an

11

interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## **FORFEITURE**

15. As part of his acceptance of responsibility and pursuant to 31 U.S.C. § 5317, the defendant agrees as follows:

a. The defendant consents to the entry of a money judgment in the amount of $55,012.50 in United States currency. The defendant acknowledges that $55,012.50 is property, real or personal, involved in a violation of 31 U.S.C. § 5324, and any property traceable thereto.

b. The defendant knowingly and voluntarily waives and agrees to waive any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. The defendant waives all constitutional, legal, and equitable defenses to the entry of and collection of the Forfeiture Money Judgment. The defendant knowingly and voluntarily waives any right to a jury trial on the forfeiture of property.

c. The defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete

12

the forfeiture and disposition of the property. The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of the property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the change of plea hearing. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the Forfeiture Money Judgment becoming final as to the defendant when entered.

        d.     The defendant understands that the forfeiture of the forfeitable property does not constitute and will not be treated as satisfaction, in whole or in part, of any fine, restitution, reimbursement of cost of imprisonment, or any other monetary penalty this Court may impose upon the defendant in addition to the forfeiture.

        e.     Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service. On or before the date he enters his plea of guilty pursuant to this agreement, the

13

defendant shall cause said check to be hand-delivered to the Asset Forfeiture Unit, United States Attorney's Office, District of Hawaii, PJKK Federal Building, 300 Ala Moana Boulevard, Room 6-100, Honolulu, Hawaii 96850, with the criminal docket number noted on the face of the check.

        f.      If the Forfeiture Money Judgment is not paid on or before the date the defendant enters his plea of guilty pursuant to this agreement, interest shall accrue at the judgment rate of interest (as defined by 28 U.S.C. § 1961) on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, the defendant consents to the forfeiture of any other property alleged to be subject to forfeiture in the Indictment, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment, including any accrued interest, is paid in full.

## IMPOSITION OF SENTENCE

16.    The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The defendant agrees that there is no promise or guarantee of the applicability or non-applicability

14

of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

17.     The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.   The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## **WAIVER OF TRIAL RIGHTS**

18.     The defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.     If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial.   The trial could be either a jury trial or a trial by a judge sitting without a jury.   The defendant has a right to a jury trial.   However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

15

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

16

e.    At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

19.    The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.   The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

20.    If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later proceeds to trial.   The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.   The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it.

17

Under those circumstances, the United States may not use those statements of the defendant for any purpose.

21. The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

22. The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty. Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

23. To become effective, this Agreement must be signed by all signatories listed below.

//

//

//

//

//

//

24.    Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

DATED:   Honolulu, Hawaii, _Sept 16, 2019_____.

AGREED:

KENJI M. PRICE
United States Attorney
District of Hawaii


_____
REBECCA PERLMUTTER
Deputy Chief, Criminal Division


_____
GREGG PARIS YATES
Assistant U.S. Attorney


_____
MYLES S. BREINER
Attorney for Defendant


_____
WILLIAM C. PERRY, III
Defendant

19