# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ERIC DOUGLAS, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-21107-RNS |
| | Judge Robert N. Scola, Jr. |
| Plaintiff, | |
| vs. | CLASS ACTION |
| NORWEGIAN CRUISE LINES, FRANK J. DEL RIO, and MARK A. KEMPA, | ORAL ARGUMENT REQUESTED |
| Defendants. | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE
MOTION OF WILLIAM C. PERRY AND BRIAN MARK EDDY
FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF
THEIR SELECTION OF LEAD COUNSEL, AND IN OPPOSITION
TO THE COMPETING MOTIONS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT ....................................................................................................................4

    I.    PERRY & EDDY ARE THE PRESUMPTIVE LEAD PLAINTIFFS .........................4

        A.    Perry & Eddy Have the Largest Financial Interest ...............................................5

        B.    Perry & Eddy Satisfy the PSLRA's Rule 23 Requirements .................................6

    II.    ALL OTHER COMPETING MOTIONS SHOULD BE DENIED .............................9

CONCLUSION ...............................................................................................................10

**Page(s)**

**Cases**

*Biver v. Nicholas Fin., Inc.*,
No. 8:14-cv-250-T-33TGW, 2014 WL 1763211 (M.D. Fla. Apr. 30, 2014) ...........................6

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ..............................................................................................1, 9

*Chahal v. Credit Suisse Grp. AG*,
No. 18-CV-02268 (AT)(SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018)..........................3

*Eastwood Enters. v. Farha*,
No. 8:07-cv-1940-T-24 MSS, 2008 WL 687351 (M.D. Fla. Mar. 11, 2008)..........................3

*Ehlert v. Singer*,
185 F.R.D. 674 (M.D. Fla. 1999)............................................................................................5

*Einhorn v. AxoGen, Inc.*,
No. 8:19-cv-69-EAK-AAS, 2019 WL 5636382 (M.D. Fla. Apr. 30, 2019).........................4, 5

*Goldstein v. Puda Coal*, *Inc.*,
827 F. Supp. 2d 348 (S.D.N.Y. 2011).....................................................................................7

*In re Indep. Energy Holdings PLC Sec. Litig.*,
210 F.R.D. 476 (S.D.N.Y. 2002) ..........................................................................................10

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 112 (S.D.N.Y. 2010) ............................................................................................8

*Karp v. Diebold Nixdorf, Inc.*,
No. 19 Civ. 6180(LAP), 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019) ................................10

*Khunt v. Alibaba Grp. Holding Ltd.*,
102 F. Supp. 3d 523 (S.D.N.Y. 2015)......................................................................................4

*Lewis v. Lipocine Inc.*,
No. 16-4009-BRM-LHG, 2016 WL 7042075 (D.N.J. Dec. 2, 2016).....................................2, 6

*Luczak v. Nat'l Beverage Corp.*,
No. 0:18-cv-61631-KMM, 2018 WL 9847842 (S.D. Fla. Oct. 12, 2018) ...............................6

*McCracken v. Edwards Lifesciences Corp.*,
No. 8:13-CV-1463 JLS, 2014 WL 12694135 (C.D. Cal. Jan. 8, 2014)..................................2, 6

*McGee v. Am. Oriental Bioengineering, Inc.*,
No. 2:12-CV-5476-SVW-SH, 2012 WL 12895668 (C.D. Cal. Oct. 16, 2012)........................5

*Miller v. Dyadic Int'l, Inc.*,
No. 07-80948-CIV, 2008 WL 2465286 (S.D. Fla. Apr. 18, 2008)......................................2, 3

*Newman v. Eagle Bldg. Techs.*,
209 F.R.D. 499 (S.D. Fla. 2002).........................................................................................5

*Perez v. HEXO Corp.*,
No. 19 Civ. 10965 (NRB), 2020 WL 905753 (S.D.N.Y. Feb. 25, 2020) ...........................8, 10

*Sheet Metal Workers Local 28 Pension Fund v. Office Depot, Inc.*,
No. 07-14348-CIV, 2008 WL 1943955 (S.D. Fla. May 2, 2008)...............................................5

*In re Snap Inc. Sec. Litig.*,
No. 2:17-cv-03679-SVW-AGR, 2019 WL 2223800 (C.D. Cal. Apr. 1, 2019)........................3

*Vincelli v. Nat'l Home Health Care Corp.*,
112 F. Supp. 2d 1309 (M.D. Fla. 2000)................................................................................2

**Rules & Statutes**

Fed. R. Civ. P. 23.................................................................................... *passim*

15 U.S.C. § 78u-4 *et seq.* ...................................................................... *passim*

**Docketed Cases**

*In re Netflix, Inc. Sec. Litig.*,
No. 19-cv-04195-LHK (N.D. Cal. Jan. 31, 2020) ...............................................................7

Lead Plaintiff movants William C. Perry and Brian Mark Eddy (collectively "Perry & Eddy") respectfully submit this memorandum of law in further support of their motion for appointment as Lead Plaintiffs, approval of their selection of Labaton Sucharow and Bernstein Liebhard as Lead Counsel for the Class and Kozyak Tropin & Throckmorton as Liaison Counsel to the Class,[1] and in opposition to the competing Lead Plaintiff motions.[2]

## PRELIMINARY STATEMENT

Perry & Eddy, as the Lead Plaintiff movants claiming the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23, are the presumptive "most adequate plaintiff" in this litigation. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As no competing movant has, or will be able to, rebut this strong presumption in favor of Perry & Eddy, they are entitled to appointment as Lead Plaintiff. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . .").

Perry & Eddy have the largest financial interest in this action by a wide margin. Perry & Eddy suffered $267,807.80 in losses, which losses are nearly twice as large as those claimed by the next movant, the Teamsters Funds ($136,074.40). In fact, Mr. Perry's losses alone are

---

[1] Otherwise undefined terms have the definitions set forth in Perry & Eddy's opening brief. *See* ECF No. 21. Perry & Eddy note that the Court consolidated all related actions on May 12, 2020. *See* ECF No. 27.

[2] On May 11, 2020, eight movants and movant groups filed timely motions for appointment as Lead Plaintiff: (i) Perry & Eddy; (ii) Employers-Teamsters Local 175 & 505 Pension Trust Fund Plan (the "Teamsters Funds") (ECF No. 18); (iii) Dat N. Le ("Le") (ECF No. 20); (iv) Simon Hurduise ("Hurduise") (ECF No. 22); (v) Abraham Atachbarian (ECF No. 13); (vi) Richard Myint ("Myint") (ECF No. 16); (vii) Camille Pagan and Joel Keefe (collectively "Pagan & Keefe") (ECF No. 25); and (viii) Herman Tumurcuoglu ("Tumurcuoglu") (ECF No. 15). As of the date of this filing, Le, Tumurcuoglu, Pagan & Keefe, Myint, and Hurduise have filed responses conceding they lack the largest financial interest. *See* ECF Nos. 28–32.

greater than the losses of any other Lead Plaintiff movant. *See, e.g.*, *McCracken v. Edwards Lifesciences Corp.*, No. 8:13-CV-1463 JLS (RNBx), 2014 WL 12694135, at *3 (C.D. Cal. Jan. 8, 2014) (appointing lead plaintiff group where group member suffered largest individual loss).

Perry & Eddy also readily satisfy the relevant Rule 23 requirements. Perry & Eddy's claims are typical of those of the Class because Perry & Eddy purchased Norwegian securities during the Class Period at prices artificially inflated by Defendants' alleged misrepresentations and/or omissions and suffered substantial losses as a result therefrom. Therefore, Perry & Eddy's claims are premised on the same facts and legal theories as those of the Class. *See, e.g.*, *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1318 (M.D. Fla. 2000) (lead plaintiff movants satisfy the typicality requirement by: "1.) suffering the same injuries as the absent class members; 2.) suffering damages as a result of the same course of conduct by defendants; and 3.) maintaining that the claims are based on the same legal issues as the absent class members").

Perry & Eddy are also adequate to serve as Lead Plaintiffs. Based on Perry & Eddy's substantial financial interest, they are the most incentivized to vigorously prosecute this litigation on behalf of the Class. *Lewis v. Lipocine Inc.*, No. 16-4009-BRM-LHG, 2016 WL 7042075, at *5 (D.N.J. Dec. 2, 2016) (movant's "large financial loss creates a strong incentive for them to fully prosecute this action."). As such, their interests are perfectly aligned with those of the Class. Moreover, because Perry & Eddy have claimed losses in both common stock and options, they are able to provide the Class with the broadest possible representation of all competing movants. Perry & Eddy have also demonstrated their adequacy through their selection of highly qualified counsel as their proposed Lead Counsel for the Class. *Miller v. Dyadic Int'l, Inc.,* No.

07-80948-CIV, 2008 WL 2465286, at *6 (S.D. Fla. Apr. 18, 2008) (movant demonstrated adequacy by, *inter alia*, selecting qualified and experienced class counsel).

Furthermore, as set forth in their Joint Declaration,[3] Perry & Eddy are like-minded and sophisticated investors with over 60 years of combined investing experience. *See, e.g.*, *Eastwood Enters. v. Farha*, No. 8:07-cv-1940-T-24 MSS, 2008 WL 687351, at *2 (M.D. Fla. Mar. 11, 2008) ("District courts within the Eleventh Circuit have allowed aggregation of a group's loss in order to determine whether the group is the presumptively most adequate plaintiff."). Perry & Eddy have attested to their understanding of the duties of the PSLRA lead plaintiff, and demonstrated their willingness to undertake these responsibilities, as well as their ability to oversee counsel and work together to prosecute these Actions efficiently and effectively. Joint Decl. ¶¶ 9-12; *see also In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR, 2019 WL 2223800, at *4 (C.D. Cal. Apr. 1, 2019) (finding joint declaration of proposed lead plaintiff group "establishe[d] the members' commitment to vigorously pursue the litigation, to oversee counsel to ensure the case is efficiently litigated in the class's best interests, to work collaboratively, and to proceed quickly."). Significantly, Perry & Eddy established a decision-making apparatus in the unlikely event that differences in opinion arise during these Actions. Joint Decl. ¶ 12. Moreover, prior to filing their motion, Perry & Eddy communicated with one another, both with and without counsel, exchanged contact information, and intend to continue to communicate with one another regularly at every interval in this litigation. *See Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 WL 3093965, at *5 (S.D.N.Y. June 21,

---

[3] The "Joint Decl." is the Joint Declaration of William C. Perry and Brian Mark Eddy, which they submitted as Exhibit D in support of their opening brief. *See* ECF No. 24-4.

2018) (finding lead plaintiff group involvement in litigation satisfactory based on "conference call to discuss the responsibilities of the role and the benefits they would provide as a group").

In light of the foregoing, Perry & Eddy are entitled to the PSLRA's "strong presumption" of being appointed Lead Plaintiff in these Actions. It is well established that once this "strong presumption" attaches, the Court must focus its attention on the presumptive lead plaintiff and should not conduct a beauty contest among the movants. *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 535 (S.D.N.Y. 2015) ("Once the court 'identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.'") (citation omitted). Moreover, the "strong presumption" in Perry & Eddy's favor can only be rebutted with the requisite "proof" that Perry & Eddy do not satisfy Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Einhorn v. AxoGen, Inc.*, No. 8:19-cv-69-EAK-AAS, 2019 WL 5636382, at \*2 (M.D. Fla. Apr. 30, 2019) (speculation and conjecture will not rebut the presumption). No such proof exists here.

Accordingly, Perry & Eddy respectfully request that the Court grant their motion in its entirety and deny the competing motions.

## ARGUMENT

### I. PERRY & EDDY ARE THE PRESUMPTIVE LEAD PLAINTIFFS

Perry & Eddy, as the Lead Plaintiff movants claiming the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23 are the presumptive "most adequate plaintiff" to represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As no movant has, or will be able to, rebut this strong presumption in favor of Perry & Eddy, they are entitled to appointment as Lead Plaintiffs in this litigation.

### A. Perry & Eddy Have the Largest Financial Interest

Perry & Eddy's financial interest of **$267,807.80** is, by far, the largest financial interest in the outcome of this litigation.[4] *See Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002) ("The most important factor in determining the lead plaintiff is the amount of financial interest claimed."); *Ehlert v. Singer*, 185 F.R.D. 674, 677 (M.D. Fla. 1999) ("[b]ottom line, the plaintiff with the most at stake is usually the one that is best able to negotiate and oversee counsel's actions.").

| Movant | LIFO LOSS |
|---|---|
| Brian Mark Eddy | ($70,489.80) |
| William C. Perry | ($197,318.00) |
| **Perry & Eddy Totals** | **($267,807.80)** |
| | |
| **Employers-Teamsters Local 175 & 505 Pension Trust Fund Plan** | **($136,074.40)** |
| | |
| **Abraham Atachbarian** | **($71,350.00)** |

As illustrated by the foregoing chart, Perry & Eddy's losses are nearly *double* those of the next movant, the Teamsters Funds ($136,074.40). Further, Mr. Perry's individual losses of

---

[4] It is well-settled that a movant's approximate losses are the most prominent means of assessing financial interest at the lead plaintiff stage. *Sheet Metal Workers Local 28 Pension Fund v. Office Depot, Inc.*, No. 07-14348-CIV, 2008 WL 1943955, at *3 (S.D. Fla. May 2, 2008). Moreover, courts in this Circuit and nationwide prefer to calculate approximate losses using the last-in-first-out ("LIFO") accounting methodology. *Einhorn*, 2019 WL 5636382, at *3 (appointing movant with the largest LIFO loss); *McGee v. Am. Oriental Bioengineering, Inc.*, No. 2:12-CV-5476-SVW-SH, 2012 WL 12895668, at *4 (C.D. Cal. Oct. 16, 2012) ("[t]his Court agrees with [the] majority of courts that LIFO is the most appropriate technique for approximating which investor suffered the greatest losses because of Defendants' wrongdoing.").

$197,318.00 alone are greater than those of any competing Lead Plaintiff movant.  *See, e.g.*, *Edwards Lifesciences*, 2014 WL 12694135, at *3 (appointing lead plaintiff group where group member suffered largest individual loss).  Accordingly, Perry & Eddy have claimed the largest financial interest in this case.

**B.  Perry & Eddy Satisfy the PSLRA's Rule 23 Requirements**

Perry & Eddy also satisfy the PSLRA's Rule 23 requirements.  All that is required at this stage in the litigation is a *prima facie* showing of typicality and adequacy.  *Luczak v. Nat'l Beverage Corp.*, No. 0:18-cv-61631-KMM, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018) Perry & Eddy readily meet these requirements.

Perry & Eddy's claims are typical of those of the Class because Perry & Eddy purchased Norwegian securities during the Class Period at prices artificially inflated by Defendants' alleged misrepresentations and omissions, and suffered substantial losses as a result therefrom.  Therefore, Perry & Eddy's claims are based on the same legal theory and arise from the same events and course of conduct as those of the Class.  *Biver v. Nicholas Fin., Inc.*, No. 8:14-cv-250-T-33TGW, 2014 WL 1763211, at *5 (M.D. Fla. Apr. 30, 2014) (typicality is "established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory") (quoting *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)).

Perry & Eddy also satisfy Rule 23's adequacy requirements.  Perry & Eddy have the largest financial interest in the outcome of this litigation, which will ensure their vigorous advocacy and oversight of counsel on behalf of the Class.  *Lipocine Inc.*, 2016 WL 7042075, at *5 (movant's "large financial loss creates a strong incentive for them to fully prosecute the action.").  Therefore, Perry & Eddy's interests are perfectly aligned with those of the Class, in that they are determined to secure the maximum possible recovery in this case.  Additionally,

because Perry & Eddy sustained their substantial losses on options as well as common stock, their appointment will ensure the Class is represented by broadest possible leadership of all competing movants. *See, e.g.*, *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 357 (S.D.N.Y. 2011) (appointing group of investors that purchased common stock and options as Lead Plaintiff); Stipulation and Order, *In re Netflix, Inc. Sec. Litig.*, No. 19-cv-04195-LHK (N.D. Cal. Jan. 31, 2020) (ECF No. 54) (appointing co-Lead Plaintiffs where one Lead Plaintiff had the largest loss in common stock and the other Lead Plaintiff had the largest loss in options) (attached as Exhibit B to Supp. Widlanski Decl.).[5]   Finally, Perry & Eddy have demonstrated their adequacy through their selection of Bernstein Liebhard and Labaton Sucharow, both firms with ample experience in securities litigation to represent the Class. *See* ECF No. 24-5.[6]

In addition, Perry & Eddy filed a Joint Declaration attesting that they are: (i) sophisticated investors with over 60 years in combined investing experience; (ii) knowledgeable about the litigation; (iii) understand and are willing to undertake the responsibilities of a Lead Plaintiff under the PSLRA; and (iv) are committed to working together as Lead Plaintiff to protect the interests of the Class.  *See* Joint Decl. ¶¶ 6-11; *see also Janbay v. Canadian Solar,*

---

[5] The benefits of appointing a group consisting of one shareholder with losses on Norwegian common stock and one shareholder with losses on Norwegian options has already been endorsed by a competing movant.  In his initial motion, Atachbarian highlighted the importance of there being adequate representation here for options holders by asking that "he be appointed Lead Plaintiff of an options subclass or separate Options Class of persons who suffered losses in the sale of Norwegian put options or purchase of other Norwegian options, and was damaged thereby, during the Class Period."  Appointing Perry & Eddy as Lead Plaintiffs eliminates the need for any separate options class and allows for the efficient prosecution of the Actions under the guidance of two sophisticated individuals.

[6] Counsel for Perry & Eddy note that the Bernstein Liebhard firm resume was not filed in connection with Perry & Eddy's initial motion due to inadvertent error.  It is attached as Exhibit A to the Supplemental Declaration of Benjamin Widlanski ("Supp. Widlanski Decl."), submitted herewith.

*Inc.*, 272 F.R.D. 112, 119 (S.D.N.Y. 2010) (appointing as lead plaintiff a group of "sophisticated individuals who have demonstrated their intent to participate directly in this litigation and their willingness and ability to serve as class representatives").

The Joint Declaration likewise provides substantial detail regarding the procedures and controls that Perry & Eddy have implemented to diligently manage this litigation. *Perez v. HEXO Corp.*, No. 19 Civ. 10965 (NRB), 2020 WL 905753, at \*3 & n.7 (S.D.N.Y. Feb. 25, 2020) ("[b]ecause [movants] have, *inter alia*, provided a detailed overview of their decision-making and communication plans, […] the Court finds that they satisfy the requirements of the PSLRA."). Perry & Eddy have further attested that they intend to actively participate and oversee counsel in this litigation if appointed as Lead Plaintiff, including by reviewing important litigation documents, participating in hearings and depositions, regularly communicating with one another, and regularly consulting with and overseeing their counsel. Joint Decl. ¶ 11. They have also developed a robust decision-making apparatus to confront any potential disputes that may arise during the litigation. *Id.* ¶ 12.

The Joint Declaration also makes clear that Perry & Eddy formally retained their chosen counsel, Labaton Sucharow and Bernstein Liebhard, and that these firms have substantial experience litigating securities class actions. *Id.* ¶¶ 3, 5, 6, 10. Moreover, Perry & Eddy are committed to actively overseeing their attorneys in this litigation to ensure the efficient and effective prosecution of these Actions. *Id.* ¶ 13.

Perry & Eddy have also provided extensive information about themselves, which further demonstrates that they are ideal candidates to be Lead Plaintiff in these Actions. For example, Mr. Perry served in the United States Navy where he achieved the rank of Captain. *Id.* ¶ 2. While in the Navy, Mr. Perry earned several awards including the Defense Superior Service

Medal, Navy Commendation Medal, and Joint Service Commendation Medal. *Id.* Mr. Perry has also been an investor in the securities markets for over 37 years, and even a customer of Norwegian. *Id.* Likewise, Mr. Eddy has extensive experience working on complex financial transactions throughout his entire career, including most recently at GE Capital. *Id.* ¶ 4 Accordingly, Mr. Eddy is familiar with complex financial concepts and has worked with attorneys to tackle intricate financial matters. *Id.* Mr. Eddy also has over 25 years of investing experience in the securities markets. *Id.*

Perry & Eddy have also implemented procedures to allow both movants to freely communicate with one another with and without counsel. *Id.* ¶ 11. These procedures include: (i) a commitment to have periodic phone calls during this litigation; (ii) exchanging contact information with each other; (iii) agreeing that either Mr. Perry or Mr. Eddy can request a call with each other either with or without counsel present. *Id.* ¶¶ 11-12. Prior to filing their motion, Perry & Eddy communicated with one another with and without counsel.

In sum, Perry & Eddy have demonstrated that they are stellar Lead Plaintiff candidates.

## II.     ALL OTHER COMPETING MOTIONS SHOULD BE DENIED

As demonstrated above, Perry & Eddy are entitled to the PSLRA's "strong presumption" that they are the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As this presumption has not been rebutted by the requisite proof, Perry & Eddy are entitled to appointment as Lead Plaintiff. *See In re Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job."). By virtue of this reason alone, all competing motions should be denied.

Nevertheless, the other movants' motions should also be denied for other independent reasons. For example, the Teamsters Funds suffer from unique defenses that cast doubt on their

ability to satisfy the Rule 23 requirements here. Specifically, the Teamsters Funds had access to information that was not generally available to the rest of the Class, including from its lobbying arm (the Teamsters Union of North America), which had access to top legislators in the U.S. Government with specialized knowledge of the implications of Covid-19. *In re Indep. Energy Holdings PLC Sec. Litig.*, 210 F.R.D. 476, 482–83 (S.D.N.Y. 2002) (court found a plaintiff atypical because he had access to non-public information and was subject to a defense of "non-reliance" on the integrity of the market).

The motion of Atachbarian likewise should be rejected because he has provided no meaningful information about himself to assess his adequacy and typicality. Without this information it is impossible for the Court to find him *prima facie* adequate to serve as Lead Plaintiff. *See Perez*, 2020 WL 905753, at *3 (movant's failure to provide any information regarding his experience in his preliminary motion is disqualifying); *Karp v. Diebold Nixdorf, Inc.*, No. 19 Civ. 6180(LAP), 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) (refusing to appoint individuals as Lead Plaintiff because they provided no information regarding their capacity to manage the litigation and, thus, did not demonstrate their adequacy).

Accordingly the competing motions should be denied and Perry & Eddy should be appointed Lead Plaintiffs.

## CONCLUSION

For the foregoing reasons, and those given in their opening brief, Perry & Eddy respectfully request that the Court appoint them as Lead Plaintiffs and approve their selection of Bernstein Liebhard and Labaton Sucharow as Lead Counsel for the Class and Kozyak Tropin & Throckmorton as Liaison Counsel to the Class.

DATED: May 26, 2020                                          Respectfully submitted,

*/s/  Benjamin Widlanski*

**KOZYAK TROPIN &
THROCKMORTON LLP**
Benjamin Widlanski, Esq.
Florida Bar No. 1010644
Harley S. Tropin, Esq.
Florida Bar No. 241253
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
bwidlanski@kttlaw.com
hst@kttlaw.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
Francis P. McConville
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
Laurence J. Hasson
Matthew E. Guarnero
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
bernstein@bernlieb.com
lhasson@bernlieb.com
mguarnero@bernlieb.com

*Counsel for Lead Plaintiff Movants William
C. Perry and Brian Mark Eddy and
Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino

11

1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile: (310) 388-0192
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for William C. Perry*

# CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2020, a true and accurate copy of the above document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send Notice of Electronic Filing to all counsel of record.

*/s Benjamin Widlanski*
Benjamin Widlanski