# Exhibit B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| JOHAN WALLERSTEIN, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NETFLIX, INC., WILMOT REED HASTINGS, AND SPENCER ADAM NEUMANN, <br><br><br> Defendants. | **Case No: 5:19-cv-04195-LHK** <br><br> **STIPULATION AND [~~PROPOSED~~] ORDER APPOINTING LEAD PLAINTIFFS AND LEAD COUNSEL** |
| DEEPAK VENKATACHALAPATHY, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NETFLIX, INC., REED HASTINGS, and SPENCER NEUMANN, <br><br> Defendants. | **Case No. 5:19-cv-04395-LHK** |

WHEREAS, this putative class action was commenced on July 22, 2019 on behalf of investors that purchased Netflix, Inc. ("Netflix") securities between April 17, 2019 and July 17, 2019 (the "Class Period"). That same day notice of the action was issued on that date pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") advising Netflix investors of the September 20, 2019 deadline for those seeking appointment as lead plaintiff.

WHEREAS, another putative class action was commenced on July 31, 2019 on behalf of investors that purchased Netflix, Inc. ("Netflix") securities during the same Class Period;

- 1 -

STIPULATION AND [~~PROPOSED~~] ORDER APPOINTING LEAD PLAINTIFFS AND LEAD COUNSEL

WHEREAS, on August 12, 2019, this Court issued an Order relating the above-captioned actions (the "Securities Class Actions");

WHEREAS, on September 20, 2019 five consolidation and lead plaintiff motions were filed by: (1) Frederica Papa ("Papa") (Dkt. No. 18); (2) Derek Selanders ("Selanders") (Dkt. No. 22); (3) Leon Cohen ("Cohen") (Dkt. No. 24); (4) TJ Cab Management Inc. ("TJ Cab Management") (Dkt. No. 27); and (5) Ralph Sears ("Sears") (Dkt. No. 32);

WHEREAS, on September 26, 2019, Papa withdrew her lead plaintiff motion (Dkt. No. 38);

WHEREAS, the Securities Class Actions have been filed against Netflix, Inc., et al. (collectively "Defendants"), alleging violations of the federal securities laws;

WHEREAS, the later filed putative class action asserts substantially the same allegations against the exact same Defendants;

WHEREAS, Federal Rule of Civil Procedure 42(a) provides that a court may order all actions consolidated if they involve "common issues of law or fact." The Securities Class Actions involve common legal and factual issues; thus, efficiency and consistency will result from their consolidation;

WHEREAS, Cohen transacted only in Netflix options during the Class Period and has the largest options losses, and is the only movant that has standing to represent Netflix options purchasers;

WHEREAS, TJ Cab Management transacted only in Netflix stock during the Class Period and has the largest stock losses before the Court;

WHEREAS, both movants recognize that they each have significant interest in any recovery sought and satisfy the relevant requirements of adequacy and typicality under Rule 23 of the Federal Rules of Civil Procedure and after reviewing each other's submissions, believe it is in the putative class' best interest that both Cohen and TJ Cab Management be appointed as Lead Plaintiffs to ensure representation for both stock and options purchasers;

- 2 -

WHEREAS, Cohen and TJ Cab Management are committed to supervising the conduct of this litigation by their counsel and to ensuring that counsel coordinate appropriately and avoid any duplication of effort in the conduct of the litigation;

IT IS HEREBY STIPULATED, that subject to the Court's approval, Cohen and TJ Cab Management agree to serve as Lead Plaintiffs and The Rosen Law Firm, P.A. ("Rosen") and Faruqi & Faruqi LLP ("Faruqi") agree to serve as Co-Lead Counsel.

## CONSOLIDATION OF RELATED CASES

1. The above-captioned actions are related cases within the meaning of Civil L.R. 3-12. Pursuant to Federal Rule of Civil Procedure 42(a), these cases are hereby consolidated into Civil Action No. 5:19-cv-04195-LHK for pretrial proceedings before this Court. The consolidated action shall be captioned: "In re Netflix Inc. Securities Litigation."

2. For all actions subsequently filed in, or transferred to this District, that are related to the Consolidated Action by the Court, the parties (including the parties to the subsequently filed or transferred action) shall meet and confer regarding potential consolidation. If the parties ultimately stipulate to consolidation, such action will be consolidated with the Consolidated Action. If the parties are unable to agree on consolidation, the parties shall bring the matter to the Court's attention within 10 days after the subsequently filed or transferred action is related to the Consolidated Action. All related actions subsequently consolidated into the Consolidated Action shall be subject to this order.

## MASTER DOCKET AND CAPTION

3. The docket in Civil Action No. 5:19-cv-04195-LHK shall constitute the Master Docket for this action.

4. Every pleading filed in the consolidated action shall bear the following caption:

STIPULATION AND [PROPOSED] ORDER APPOINTING LEAD PLAINTIFFS AND LEAD COUNSEL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

-------------------------------------------------------X

In re Netflix, Inc. Securities Litigation

Master File No. 5:19-cv-04195-LHK

CLASS ACTION

-------------------------------------------------------X

5. The file in Civil Action No. 5:19-cv-04195-LHK shall constitute a Master File for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Documents Relates To:". When a pleading applies only to some, not all, of the actions, the document shall list, immediately after the phrase "This Documents Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action (e.g., "No. 5:19-cv-04195-LHK (Wallerstein))."

6. The parties shall file a Notice of Related Cases pursuant to Civil L.R. 3-12 whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If the Court determines that the case is related, the clerk shall:

    (a)    place a copy of this Order in the separate file for such action;

    (b)    serve on plaintiff's counsel in the new case a copy of this Order;

    (c)    direct that this Order be served upon defendants in the new case; and

    (d)    make the appropriate entry in the Master Docket.

**APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

7. Having considered the provisions of Section 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that Cohen and TJ Cab Management are the most adequate

- 4 -

STIPULATION AND [~~PROPOSED~~] ORDER APPOINTING LEAD PLAINTIFFS AND LEAD COUNSEL

plaintiffs and satisfy the requirements of the PSLRA. The Court hereby appoints Cohen and TJ Cab Management as Lead Plaintiffs to represent the interests of the class.

8. Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Cohen and TJ Cab Management have selected Rosen and Faruqi to serve as Lead Counsel. The Court approves Rosen and Faruqi as Lead Counsel.

9. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

      a.      to coordinate the briefing and argument of any and all motions;

      b.      to coordinate the conduct of any and all discovery proceedings;

      c.      to coordinate the examination of any and all witnesses in depositions;

      d.      to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

      e.      to call meetings of the plaintiffs' counsel as deemed necessary and appropriate from time to time;

      f.      to coordinate all settlement negotiations with counsel for defendants;

      g.      to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

      h.      to coordinate the preparation and filings of all pleadings; and

      i.      to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Action.

10. No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or

STIPULATION AND [PROPOSED] ORDER APPOINTING LEAD PLAINTIFFS AND LEAD COUNSEL

discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel.

11. Service upon any plaintiff of all pleadings, motions, or other papers in the Action, except those specifically addressed to a plaintiff other than the Lead Plaintiffs, shall be completed upon service of Lead Counsel.

12. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

Dated: October 4, 2019

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Co-Lead Counsel for Movants and [Proposed] Co-Lead Counsel for the Class*

/s/ Benjamin Heikali
Benjamin Heikali SBN 307466
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
E-mail: bheikali@faruqilaw.com

-and-

STIPULATION AND [PROPOSED] ORDER APPOINTING LEAD PLAINTIFFS AND LEAD COUNSEL

Richard W. Gonnello (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
E-mail: rgonnello@faruqilaw.com

*Lead Counsel for Movants and [Proposed] Co-Lead Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
*/s/ Charles H. Linehan*
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: lportnoy@glancylaw.com

*Attorneys for Movant Derek Selanders*

POMERANTZ LLP
*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(pro hac vice application forthcoming)
J. Alexander Hood II
(pro hac vice application forthcoming)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com

- 7 -

STIPULATION AND [PROPOSED] ORDER APPOINTING LEAD PLAINTIFFS AND LEAD COUNSEL

Email: ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
(pro hac vice application forthcoming)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Movant Ralph Sears*

To ensure efficiency, the Court adopts the following protocols. Other than the Rosen Law Firm, P.A., and Faruqi & Faruqi, LLP, no other law firms shall work on this action for the putative class without prior approval of the Court. Motions for approval of additional Plaintiffs' counsel shall identify the additional Plaintiffs' counsel and their background, the specific proposed tasks, and why the Rosen Law Firm, P.A. and Faruqi & Faruqi, LLP cannot perform these tasks. The Court further orders that any billers who will seek fees in the instant case, including staff, consultants, and experts, shall maintain contemporaneous billing records of all time spent litigating the instant case. By "contemporaneous," the Court means that an individual's time spent on a particular activity should be recorded no later than seven days after that activity occurred. The Court notes that "a one-tenth hour timekeeping practice is generally reasonable." *Jacobson v. Persolve*, 2016 WL 7230873, at *10 (N.D. Cal. Dec. 14, 2016) (citing *Kalani v. Starbucks Corp.*, 2016 WL 379623, at *8 (N.D. Cal. Feb. 1, 2016)). Mr. Laurence M. Rosen shall review and approve attorney's fees and costs each month and strike any duplicative or unreasonable fees and costs.

IT IS SO ORDERED.

*Lucy H. Koh*
_____
DATED: January 31, 2020                    UNITED STATES DISTRICT JUDGE

- 8 -

STIPULATION AND [~~PROPOSED~~] ORDER APPOINTING LEAD PLAINTIFFS AND LEAD COUNSEL