UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-21107-CIV-SCOLA

ERIC DOUGLAS, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

NORWEGIAN CRUISE LINES, FRANK J. DEL RIO, and MARK A. KEMPA,

    Defendants.

## DEFENDANT NORWEGIAN CRUISE LINE HOLDINGS LTD'S UNOPPOSED MOTION TO EXCUSE RESPONSES TO INITIAL COMPLAINTS, TO DEFER DISCOVERY OBLIGATIONS AND TO SET INITIAL SCHEDULE

Defendant Norwegian Cruise Line Holdings Ltd. ("NCL") hereby moves this Court for the entry of an Order: (i) excusing NCL and any other Defendant who has been properly served with a summons[1] from having to respond to any initial complaint (the "Complaint"); (ii) excusing the parties from complying with the Court's March 13, 2020 discovery order or any other discovery obligations until after this Court has ruled on the sufficiency of an Amended Consolidated Complaint; and (iii) entering the proposed schedule for the filing of an Amended Consolidated Complaint and defendants' response there. In support, NCL states as follows:

1. Plaintiff Eric Douglas ("Plaintiff") filed this action ("*Douglas* Action") on March 12, 2020 seeking to represent a class of investors who purchased or otherwise acquired the publicly traded securities of NCL. The Complaint asserts claims under Section 10(b) and 20(a) of the

---

[1] Although Plaintiff has requested that Defendants Frank J. Del Rio and Mark A. Kempa waive service of a summons, as of the date this motion was filed, neither has done so.

Securities Exchange Act of 1934. This action is therefore subject to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the "PSLRA").

2. On April 10, 2020 and May 12, 2020, the Court entered orders consolidating two other substantially similar class actions *Atachbarian v. Norwegian Cruise Lines*, Case No. 1:20-cv-21386 ("*Atachbarian* Action") and *Banuelos v. Norwegian Cruise Lines*, Case No. 1:20-cv-21685 ("*Banuelos* Action"), respectively, with the *Douglas* Action. *See* ECF Nos. 7 and 27.

3. As soon as practicable after consolidating the related actions, the PSLRA requires courts to "appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii). On June 12, 2020, the Court entered an order appointing Plaintiff Employer-Teamsters Local Nos. 175 & 505 Pension Trust Fund as lead plaintiff ("Lead Plaintiff") and approving the selection of Robbins Geller Rudman & Dowd LLP as lead counsel ("Lead Counsel"). *See* ECF No. 51.

4. In actions subject to the PSLRA, the court-appointed lead plaintiff customarily will either file a consolidated and/or amended complaint or designate as the operative complaint a complaint that already has been filed at the time of lead plaintiff's appointment.

5. Lead Counsel has advised NCL that Lead Plaintiff will file an Amended Consolidated Complaint. Accordingly, NCL requests that the Court excuse it and any other Defendant who has been properly served in the *Douglas* Action, the *Atachbarian* Action, the *Banuelos* Action or any Later-filed Action, from having to respond to any initial Complaint which will likely be mooted by a later filed Amended Consolidated Complaint.

6. On March 13, 2020, the Court entered an Order in the *Douglas* Action Requiring Discovery and Scheduling Conference and Order Referring Discovery Matters to the Magistrate Judge, which sets forth certain deadlines regarding discovery ("Discovery Order").

7. However, pursuant to the Private Securities Litigation Reform Act, all discovery and proceedings in securities class actions are stayed until the Court has sustained a complaint's legal sufficiency.  15 U.S.C. §78u-4(b)(3)(B).  Accordingly, NCL requests that the Court excuse the parties from complying with any discovery obligations, including the Discovery Order, until after the Court determines whether the Amended Consolidated Complaint states a cognizable claim.

8. In the interests of judicial economy and preserving the resources of the parties and the Court, NCL respectfully submits the following unopposed schedule to the Court for its consideration:

   a. On or before July 31, 2020, Lead Plaintiff shall file a Consolidated Amended Complaint or notify defendants in writing that it intends to rely on the initial Complaint.

   b. Defendants shall have forty-five (45) days from the Lead Plaintiff filing a Consolidated Amended Complaint or designating an operative Complaint to move, answer, or otherwise respond to it.

   c. If defendants elect to file motions to dismiss, the Lead Plaintiff shall file an opposition ("Opposition") to those motion no later than forty-five (45) days after they are filed.

   d. Defendants shall file replies in further support of any motions to dismiss no later than thirty (30) days after the Lead Plaintiff files an Opposition.

9. This Court is vested with broad discretion to grant the relief requested.  *See, e.g., Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them."); *see also Moore v. Potter*,

141 F. App'x 803, 807 (11th Cir. 2005) (finding district court did not abuse its discretion in enlarging time pursuant to Rule 6(b)); *Danger v. Wachovia Corp.*, 10-61818-CIV, 2011 WL 1743763, at *4 (S.D. Fla. May 6, 2011) (noting that courts "possess[] broad discretion to determine how best to manage a case, including discovery and scheduling matters" and granting extension of time).

10.     Similar orders have been entered by judges in this District in other securities class actions. *See, e.g.*, *Waterford Township Gen. Emp. Ret. Sys. v. BankUnited Fin. Corp.*, Case No. 08-CIV-22572-COOKE (excusing defendants from responding to initial complaint in anticipation of amended complaint); *Hanlin v. Dyadic Int'l, Inc.*, No. 61544-CIV-DIMITROULEAS (stating that "[i]t would be an unnecessary duplication of effort and a waste of judicial resources for Dyadic to respond to the current complaints").

11.     This motion is made in good faith and is not for the purpose of gaining undue advantage or delaying these proceedings. Granting the requested relief will promote the efficient resolution of this litigation.

As required by Local Rule 7.1(A)(3), undersigned counsel has conferred with Lead Plaintiff's Counsel and has been authorized to represent to the Court that Lead Plaintiff does not oppose this Motion.

WHEREFORE, NCL respectfully requests that the Court enter an order excusing it and any other Defendant who has been properly served from responding to any initial Complaint, excusing the parties from complying with any discovery obligations until after the Court has ruled on the sufficiency of an Amended Consolidated Complaint, and approving the proposed schedule.

Dated: June 16, 2020

Respectfully submitted,

HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tel: (305) 374-8500
Fax: (305) 789-7799

By: /s/Tracy A. Nichols
Tracy A. Nichols (FBN 454567)
tracy.nichols@hklaw.com
Louise McAlpin (FBN 983810)
louise.mcalpin@hklaw.com

*Counsel for Defendant NCL*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 16, 2020, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/Tracy A. Nichols
Tracy A. Nichols